The State v. Weber.

THE STATE OF MISSOURI, Respondent, v. ANTON WEBER, Appellant.

Kansas City Court of Appeals, March 7, 1892.

1.  Criminal Law: ABANDONMENT OF WIFE: ELEMENTS OF THE OFFENSE. In order to constitute the offense of wife-abandonment under the statute two things must concur, viz., desertion or abandonment, and non-support, and they must have occurred in this state.

2.  Definitions: ABANDONMENT: DESERTION. Desertion and abandonment are used interchangeably and mean the same thing. To establish desertion, three things must be shown: *First,* cessation from cohabitation; *second,* the intention not to resume cohabitation; and, *third,* the absence of complainant's consent to separation.

3.  Criminal Law: ABANDONMENT. The evidence in this case is *held* not to support the charge of wife-abandonment.

*Appeal from the Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

REVERSED.

*Wm. Warner* and *M. Campbell,* for appellant.

(1) The court erred in giving the first instruction for the state, and in refusing the first instruction asked by the defendant, since there is a total absence of proof that defendant abandoned or deserted his wife in Jackson county, Missouri; sufficient reason for the separation shown in Mrs. Weber's efforts to make it perpetual from the first moment of her arrival; and positive evidence from her own mouth that she possesses several hundred dollars worth of Weber's furniture in New York City. *Brown v. Railroad,* 101 Mo. 484; *State v. Deaton,* 65 N. C. 496; *State v. Dunston,* 78 N. C. 418; *State v. Fuchs,* 17 Mo. App. 461; *State v. Davis,* 70 Mo. 467; *Ex parte Slater,* 72 Mo. 102; *State v. Bryant,* 90

Mo. 537 ; *Simpson v. Simpson*, 31 Mo. 24 ; *Washburn v. Washburn*, 9 Cal. 475. (2) The court erred in writing and giving the second instruction for the state and in refusing the fourth instruction asked by defendant. The latter instruction defines the terms " abandon " and " desert " according to law The one given makes a mockery of language, and nonsense of the third and sixth instructions given for defendant. Bouvier's Law Dictionary ; *Stanbrough v. Stanbrough*, 60 Ind. 275; Stewart on Marriage & Divorce, secs. 251, 252, 256 ; *State v. Deaton*, 65 N. C. 496 ; *Cudlipp v. Cudlipp*, Swab & T. 229 ; *Hardenburg v. Hardenburg*, 14 Cal. 654 ; *Belden v. Belden*, 33 N. J. Eq. 94 ; *Slate v. Dunston*, 78 N. C. 418 ; *McGowan v. McGowan*, 52 Tex. 657. (3) The court erred for the same reason, in not giving defendant's fifth instruction. In ordinary language the act of leaving is essential to abandonment, or desertion. Webster's, Worcester's and Stormouth's Dict.; Bouvier's Law Dictionary ; R. S., sec. 6570; *State v. Davis*, 70 Mo. 467 ; *State v. Dunston*, 78 N. C. 418. (4) The court erred in refusing the seventh instruction asked by defendant. It asserts that the continuous agreement of Mary Weber to the separation in Jackson county negatives abandonment there. *Simpson v. Simpson*, 31 Mo. 24; *Gillinwaters v. Gillinwaters*, 29 Mo. 60; *Crow v. Crow*, 23 Ala. 583 ; *Walker v. Leighton*, 11 Foster (N. H.) 111 ; Stewart on Mar. & Div., sec. 256.

*Marcy K. Brown*, for the State.

The instructions given by the court were proper, and correctly stated the law applicable in the case. The instructions refused by the court were properly refused ; they were not warranted by the evidence. *State v. Brady*, 87 Mo. 142. The instructions, numbered 1 and 2, given on the part of the state, and 3 on the part of defendant, taken together, sufficiently define the

offense; it was not error to refuse others asked by defendant. *State v. Wood*, 97 Mo. 31. The fourth instruction asked for by the defendant, and refused by the court in its attempted definition of the word "abandon," contains elements not necessary in the proper definition of the word. A common home here in Jackson county is not necessary. The fifth instruction asked for by the defendant contains the same erroneous element defining abandonment. The seventh instruction asked for was properly refused, as there was no evidence in the case upon which to base it. *State v. Grady*, 87 Mo. 142; *State v. Degonia*, 69 Mo. 485; *State v. Gerber*, 80 Mo. 94; *State v. Thompson*, 83 Mo. 257. The eighth instruction asked by defendant assumes that Mrs. Weber was in law and in duty bound to live or to offer to live with defendant even though she knew that he was then living in open adultery with a woman that he had left his wife to live with. *Palmer v. Palmer*, 22 N. J. Eq. 88, 89. Can it be truly said that when the wife follows her husband to his new home and calls upon him to fulfill his duties toward her, and he turns his back upon her and refuses to see or talk to her, that this is not an abandonment, not a desertion? Law and justice alike say it is. *Messenger v. Messenger*, 56 Mo. 329; *Gillinwaters v. Gillinwaters*, 28 Mo. 60.

GILL, J.—The defendant was prosecuted for abandoning his wife and failing and refusing to maintain and provide for her. On a trial in the criminal court before a jury he was found guilty, punishment fixed at six months' imprisonment in the county jail and a fine of $500, and defendant appealed.

The evidence relied upon to establish the offense charged discloses about the following state of facts: Prior to the ninth day of September, 1889, the defendant Weber and Mary, his wife, resided together in the state of New York as husband and wife. Their relations

were not at all amicable, and there had been at times suits for divorce and separations.   On the said September 9, 1889, defendant left his wife at their home in New York, and it seems came to Kansas City.  In November, 1890, the wife, Mary, came to Kansas City ; and, through the assistance of a lawyer, demanded a division of defendant's property, which she claimed she was entitled to and with which she wanted to support herself and child in New York.   Defendant refused to pay her the sum demanded, $20,000, or any amount, and she thereupon caused this criminal prosecution to be instituted.   The abandonment alleged in the information is charged to have occurred in Jackson county, Missouri, on November 24, 1890, which it seems was the day the wife, along with her father, arrived at Kansas City.

I.   The points made, in relation to the admission or rejection of certain evidence, as well as to objections to certain instructions, we deem it unnecessary to refer to, since in our opinion the state failed to make out a case, and the defendant should have been discharged.

The statute, under the provisions of which Weber was found guilty, was this : "If any man shall, without good cause, abandon or desert his wife,   *   *   * *and* shall fail, neglect or refuse to maintain and provide for such wife, he shall, upon conviction, be punished." *   *   *   R. S. 1889, sec. 3501.   Now. it is clear that in order to make this offense complete two things must concur : The husband must have *abandoned* the wife, and in addition must have failed or refused to *maintain or provide* for her.   Two elements then go to make up the offense under the statute, to-wit, desertion or abandonment, and non-support ; and unless both these are shown the prosecution must fail.   This offense, too, must have been committed in the state of Missouri ; the party charged must have violated the laws of this state. This statute is intended to punish offenses committed here, not elsewhere.

The state failed to show that Weber abandoned his wife in this state. And, indeed, it may be well doubted if there was such an abandonment in New York, as, within the meaning of this statute, constituted a crime. For as appears by the undisputed evidence, Weber left with his wife in that state property sufficient for her support. But at all events there was no desertion or abandonment here within the intent of the law. Desertion and abandonment are used interchangeably; they mean the same thing. It is said, that, to establish desertion, three things must be shown: *First.* Cessation from cohabitation; *second*, the intention not to resume cohabitation; and, *third*, the absence of complainant's *consent* to separation. Stewart, Mar. & Div., sec. 251. Separation then by the mutual consent of husband and wife is not desertion in either. Stewart, Mar. & Div., sec. 256.

The evidence here conclusively shows that the separation of Weber and his wife at Kansas City was by mutual consent. Mrs. Weber came here from New York in November, 1890 (the date of the alleged abandonment), in pursuit of money, and not to place herself under the protection of her husband. She said that she would not reside in Kansas City; that she would not live with her husband. She was entirely willing that they remain separate. Her avowed mission here was to coerce Weber into a division of his money. She claimed $20,000 which she said she would take back to New York. She wanted no support here, and would accept none. She made no offer to remain with, or to be supported by, her husband. Indeed, she went immediately on arriving in Kansas City to a lawyer and engaged him to extort a large sum of money from Weber. She never called on Weber, nor even through others made any overtures to be received and provided for. Her conduct all shows that Mrs. Weber came on a campaign of profit, and not to rejoin her husband or to secure a mere maintenance or support.

The defendant was not guilty of the crime charged, and the trial court ought to have so instructed the jury. Judgment reversed and defendant discharged. All concur.