STATE *vs.* HAMPARSOOM KARAGAVOORIAN.

JUNE 14, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Separation Agreement No Bar to Criminal Prosecution for Neglect to Provide.*

An agreement of separation between husband and wife, which has been fully complied with by the husband, and in which the wife agrees that she will release the husband from all claims for support, is not a bar to a criminal prosecution by the State against the husband charging neglect to provide

according to his means for the support of his wife under Gen. Laws, 1909, cap. 347, § 39.

(2)    *Obligation of Support of Wife Cannot be Contracted Away.*

The legal obligation of the husband to support the wife according to his means or ability is an inseparable incident of the relation of husband and wife, which cannot be contracted away in such manner as to release the husband from liability to criminal prosecution at the instance of the State.

(3)    *Certification of Question of Doubt or Importance to Supreme Court.*

Gen. Laws, 1909, cap. 298, § 5, provides that " If in any proceeding civil or criminal, in the Superior Court or in any District Court, prior to the trial thereof on its merits any question of law shall arise which in the opinion of the court is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings, the court in which the cause is pending may certify such question to the Supreme Court for that purpose:—

*Held,* that, the statute excluded doubtful questions which were not important, as well as important questions which were not doubtful, and both classes of questions unless they so affected the merits of the controversy as to require the decision of this court, and all such elements must be first found to exist by the court before which the cause was pending.

Speculative and moot questions are not to be so certified under a *pro forma* ruling because of an agreement of counsel.

*Quære;*    Whether the words " prior to the trial thereof on the merits" refer to the Superior Court, when there has been a previous trial in the District Court on the merits.

(4)    *Criminal Law. Pleading. " Special Plea in Bar." " Not Guilty." Certification of Question of Doubt to Supreme Court.*

In a criminal complaint against a husband charging neglect to provide according to his means for the support of his wife, defendant filed a " special plea in bar" setting up an agreement of separation between himself and his wife by which the wife agreed to release him from all claims for her support, etc.:—

*Held,* that proper practice in criminal pleading required a plea of " not guilty."

*Held,* further, that as matter of law the facts stated in the plea did not release defendant from criminal prosecution on the above charge, and as evidence must be offered to show the actual facts as to each of the parties, the plea in itself without more was worthless in determining the guilt or innocence of defendant and hence the question certified was of that class which the statute did not contemplate should be sent to the supreme court, since the negative answer of the court settled nothing material to the determination of the case.

CRIMINAL COMPLAINT.    Heard on question of doubt certified to court under Gen. Laws, 1909, cap. 298, § 5.

BLODGETT, J.    It is charged in this complaint by the Deputy Chief of Police of the city of Providence, that the respondent

on January 4, 1910 at Providence, "did neglect to provide according to his means for the support of his wife," and the statute under which the complaint is preferred is Gen. Laws, 1909, cap. 347, § 39, as follows: "Every person who shall abandon his wife or children, leaving them in danger of becoming a public charge, or who shall neglect to provide according to his means for the support of his wife or children, or who, being an habitual drunkard, shall neglect or refuse to aid in the support of his family, shall be deemed guilty of a misdemeanor and shall be imprisoned not less than six months nor more than three years in the state workhouse and house of correction or not more than one year in the county jail in the county where he shall have been convicted, and the jurisdiction to try and sentence offenders under this section is conferred upon district courts."

The respondent has pleaded specially in bar thereto, as follows:

"DEFENDANT'S SPECIAL PLEA IN BAR.

"Now comes said defendant, Hamparsoom Karagavoorian, and by leave of court first had and obtained says that said complaint ought not to be further prosecuted against him, the said defendant, because he says that on the to-wit day of October, A. D. 1908, the said defendant and his wife, Sultan Karagavoorian, made and entered into an agreement in the words and language following:

" 'STATE OF RHODE ISLAND,
" 'PROVIDENCE, SC.

" 'Articles of Separation entered into this twenty-eighth day of October in the year of our Lord One Thousand Nine Hundred and Eight by and between Hamparsoom Karaga-voorian of the City and County of Providence in the State of Rhode Island and Sultan Karagavoorian, wife of said Hamparsoom Karagavoorian of said City, County and State, WITNESSETH:

" 'Whereas, certain unhappy and irreconcilable differences have arisen by and between the parties to these articles of

separation by reason of which an incompatibility of temper and affection have arisen, making it inconvenient and mutually disagreeable to live together as husband and wife, and resulting in a cessation of affection, confidence and esteem which should govern and control the marital relations, it is mutually agreed:

" 'First, that said Hamparsoom Karagavoorian and Sultan Karagavoorian shall live separate and apart from each other, having no communication or intercourse with each other, thereby enabling them or either of them to be absolutely free and independent from each other.

" 'Second: that said Hamparsoom Karagavoorian and Sultan Karagavoorian do mutually agree not to communicate, interfere, molest or in any way embarrass the other in the free exercise of the rights and privileges tolerated by the laws, usages and customs of the State of Rhode Island.

" 'Third: that said Sultan Karagavoorian agrees and by these presents does acknowledge the receipt of the sum of Seven Hundred (700) Dollars, lawful money of the United States of America and in consideration of the payment of said sum of Seven Hundred (700) Dollars, she does hereby solemnly promise and agree that she will in no way demand, call upon or request from the said Hamparsoom Karagavoorian any additional money or article of value or property of any kind or description either for her support, maintenance, shelter, food, raiment or for any other purpose whatsoever, meaning and intending thereby to absolutely release and surrender unto the said Hamparsoom Karagavoorian all and any rights and and privileges whether at law or in equity be the same subject to the laws of the Sultan of Turkey, the United States of America or the State of Rhode Island, which the said Hamparsoom Karagavoorian owes to the said Sultan Karagavoorian, as husband, from the beginning of the world to the end of time.

" 'In witness whereof, we have hereunto subscribed our names and affixed our seals to these articles of separation on this Twenty-eighth day of October in the year of our Lord

One Thousand Nine Hundred and Eight, at Providence, Rhode Island.

> " ' (Signed) HAMPARSOOM KARAGAVOORIAN (L. S.)
> > her
> " '(Signed) SULTAN KARAGAVOORIAN    (L. S.)

" ' Witnesses:

" '(Signed) PARSEK ROOPER,

" ' (Signed) MARDIROS M. STONE.

" 'STATE OF RHODE ISLAND,

> " 'PROVIDENCE, SC.

" 'Subscribed and sworn to before me this Twenty-eighth day of October, A. D. 1908, at Providence, Rhode Island.

> " ' (Signed) STEPHEN J. CASEY,
> > " ' *Notary Public.*'

"And the defendant avers that he paid to said Sultan Karagavoorian, wife of said defendant, as aforesaid, on said to-wit 28th day of October, 1908, said sum of Seven Hundred Dollars ($700) and is therefore, under and by virtue of and in accordance with the terms of said agreement, under no liability whatsoever for the support of his said wife, Sultan Karagavoorian; and this he is ready to verify.

"Wherefore he prays judgment and that by the Court here he may be dismissed and discharged from the said premises in said complaint specified.

> HAMPARSOOM KARAGAVOORIAN,
> > By his Attorneys,
> > STEPHEN J.CASEY,
> > WM. J. BROWN."

The State has demurred to this plea and the following question of doubt and importance has been certified to this court by the Superior Court, under the provisions of cap. 298, § 5, Gen. Laws, 1909:  " Is an agreement of separation between husband and wife, the provisions of which have been fully complied with by the husband, in which the wife promises and agrees 'that she will in no way demand, call upon or request from' (her husband) 'any additional money or article of value

or property of any kind or description either for her support, maintenance, shelter, food, raiment or for any other purpose whatsoever, meaning and intending thereby to absolutely release and surrender unto'. .(her said husband). .'all and any rights and privileges whether at law or in equity' (owed to her by her said husband) 'from the beginning of the world to the end of time,' a bar to a criminal prosecution brought by the proper authorities against said husband, charging neglect to provide according to his means for the support of his wife, brought under Chapter 347, section 39, of the General Laws of Rhode Island, 1909?"

The provisions of Gen. Laws, R. I. cap. 298, § 5, are as follows: "If in any proceeding, civil or criminal, in the superior court or in any district court, prior to the trial thereof on its merits, any question of law shall arise which in the opinion of the court is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, or if a motion in arrest of judgment be made, the court in which the cause is pending may certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined."

The question submitted must be answered in the negative. In discussing the divorce case of *Ditson* v. *Ditson,* 4 R. I. 87, Ames, C. J., observes, concerning marriage (p. 101): "In strictness though formed by contract, it signifies the *relation* of husband and wife, deriving both its rights and duties from a source higher than any contract of which the parties are capable, and as to these, uncontrollable by any contract which they can make. When formed, this relation is no more a contract than 'fatherhood' or 'sonship' is a contract. It is no more a contract than serfdom, slavery, or apprenticeship are contracts, the latter of which it resembles in this, that it is formed *by* contract."

The counsel for the respondent cites authorities from other jurisdictions which sustain the contention that agreements of separation may be entered into between husband and wife

which may preclude the wife from maintaining any action for
further support and maintenance. But this complaint is pre-
ferred on behalf of the State at the instance of the Deputy
Chief of Police of Providence for the punishment of one who
has violated the penal laws of the State, and not by the wife
for her further support. Nor do the cases cited on the respond-
ent's brief sustain his contention. Thus *Bailey* v. *Dillon*, 186
Mass. 244, was a case where, after an agreement of separation
performed as to the payments required thereunder by the
husband, the wife was enjoined from proceeding with her
petition to the Probate Court for further support. It was not
a criminal prosecution under the provisions of Chapter 212,
section 45 of the Revised Laws of Massachusetts which punishes
one who "unreasonably neglects to provide for the support of
his wife," by fine or imprisonment, but was preferred to the
Probate Court, as a civil action, by the wife, under the provis-
ions of section 33 of Chapter 153 of the Revised Laws of Massa-
chusetts, which provides that such court may make orders for
the support of the wife as occasion may require. *Galusha* v.
*Galusha*, 116 N. Y. 635, was an action for divorce, on the
ground of the husband's adultery, in which the wife sought to
recover as alimony a sum other than that specified in the articles
of separation and she was not allowed to do so, although the
divorce was granted. In *Commonwealth* v. *Richards*, 131 Pa.
St. 209, the wife sought an order for additional support under
circumstances not dissimilar to those set forth in *Bailey* v.
*Dillon, supra*, and the court observed (p. 219): "The proceed-
ings are not under the act of 1836, but under the act of 1867;
they are instituted by the wife, not by the children or by the
overseers of the poor." . . . "If the prosecution were in
behalf of the children, or by the overseers of the poor, a question
would be presented which it is not necessary now to discuss."
In *State* v. *Weber*, 48 Mo. App. 500, the Court stated the ground
of its decision, discharging the accused, as follows (p. 504):
"The state failed to show that Weber abandoned his wife in
this state." In *Crittenden* v. *Schermerhorn*, 39 Mich. 661, there
had been an allowance for alimony, and, in the syllabus of the

case it is thus stated: "A creditor for necessaries furnished to the wife can only sue the husband in her right, and can be in no better position to complain of him than she is," and the creditor was not allowed a recovery.

*Galusha* v. *Galusha, supra,* cited by the defendant, well illustrates the distinction claimed by the state. Although the parties had executed articles of separation and substantially all the objects and purposes of marriage were no longer prosecuted by the parties, nevertheless, the wife was held not precluded thereby from obtaining a divorce on the ground of the adultery of the husband; and it is equally clear that such an agreement would be no bar to a criminal prosecution for the same offence.

In the case at bar it is clear that a like result must follow. If the respondent should be found guilty and fined, no portion of that fine would go to the wife but all of it would go to the state. The wife is not enriched thereby, nor has she obtained from the husband anything which she released to him in the (2) agreement aforesaid. But the legal obligation of the husband to support the wife according to his means or ability is an inseparable incident of the relation of husband and wife, which cannot be contracted away in such manner as to release the husband from liability to criminal prosecution at the instance of the State, any more than by any agreement between husband and wife, either can be released from criminal liability for the commission of adultery, although either one may condone the offence and thus be precluded from maintaining a civil action for divorce.

We have, with much hesitation, thus answered the question certified, not hesitating because of the nature of the reply which should be made to it, but because of the way in which it has been presented.

(3) The provisions of the statute above quoted require several elements to concur before a question can be certified to this court. (1) The question must be one of doubt. (2) It must be a question of importance. (3) It must so affect the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings, and (4) all these

elements must be so determined to exist by the court before which the cause is pending. This obviously excludes doubtful questions which are not important, as well as important questions which are not doubtful, and both classes of questions unless they so affect the merits of the controversy as to require decision by this court. This excludes also the sending of questions here which may possess all three of these attributes in the opinion of counsel, unless it is the deliberate opinion of the court that the questions contain the elements above set forth, and it equally authorizes the court to send such questions here even though counsel do not consider it necessary so to do. Speculative and moot questions are not to be sent to this court under a *pro forma* ruling because of an agreement of counsel; but only questions which, as above stated, so affect the merits of the controversy in the opinion of the court as to make a decision of them necessary.

The record in the case at bar affords the occasion for certain observations. When the cause was before the District Court, a special plea, substantially similar to the one now under consideration was filed, and the prosecution moved that it be stricken out inasmuch as all the matters contained in it were properly admissible as defence under the plea of "Not Guilty."

(4) The District Court properly granted the motion and struck out the plea and the case was heard on its merits on the plea of "Not Guilty." After having been adjudged guilty in the District Court the respondent appealed to the Superior Court and filed what he calls his "Special Plea in Bar," now under consideration. He points us to no statute which authorizes such a plea in a criminal case, and, even if we assume that the words in the statute "prior to the trial thereof on the merits" are to be held to refer to the Superior Court and not to the District Court where there was a trial on the merits, such a plea is no more proper in this case than would be a plea that the respondent was unmarried, or was divorced. Proper practice in criminal pleading would require a plea of not guilty, and under that plea he could show that he was not married or had been divorced, or such other defence as he may be advised to make.

Indeed, a plea that he was unmarried or had been divorced would be a plea in bar if admissible under the rule of practice in criminal pleading, while the plea under consideration is not. It is indeed matter for consideration that the respondent paid his wife $700 on October 28, 1908, but we cannot say, as matter of law, that such a payment releases him from criminal prosecution for "neglect to *provide according to his means* for the support of his wife" on January 4, 1910. It may be that he has been unable through illness or lack of employment or other causes to make further provision for her, and he may have been abundantly able to provide for her. On the other hand, the wife may have the entire $700 still in her possession or it may have been stolen from her or she may have lost it the day she received it, or she may have spent it all for the necessaries of life. It is evident that evidence must be offered to show the actual facts as to each of the parties and that the plea as a plea in bar without more is worthless in determining the guilt or innocence of the accused and hence the question certified is of that class of questions which the statute does not contemplate should be sent to this court, inasmuch as our negative answer to it settles nothing material to a determination of the case.

The papers in the case will be transmitted to the Superior Court with the decision of this court certified thereon for further proceedings.

*William B. Greenough,* Attorney-General, *Harry P. Cross,* Second Assistant Attorney-General, for State.

*Stephen J. Casey, William J. Brown,* for defendant.