John P. Brady *et ux. vs.* Lenore Moreau.

NOVEMBER 20, 1940.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. Plaintiffs sued defendant in an action of assumpsit for arrears of rent in the sum of $50.25 and attached the wages of the defendant in the hands of her employer. The writ was returned to the district court of the tenth judicial district, where defendant moved to release her wages from attachment, on the ground that such attachment was illegal and void because in violation of the provisions of general laws 1938, chapter 557, § 1, par. 12 (b), her wages, she claimed, being exempt thereunder from attachment at the time of service of the writ.

The justice of the district court, after a hearing, denied defendant's motion and thereupon, before proceeding further with the case, certified, as a question of doubt and importance, under the provisions of G. L. 1938, chap. 545, § 6, for the determination of this court, the very question which he had just answered in denying defendant's motion. The de-

fendant contends that it is proper for a district court to certify a question as well after as before its determination. She also contends that the determination of this question of the exemption of her wages from attachment under par. 12 (b) "so affects the merits of the controversy" between her and the plaintiffs, that the justice of the district court was warranted in certifying the question to this court.

The defendant's contentions are both without merit. This court, as far as we are aware, has never entertained questions certified here as of doubt and importance by a justice of the district court, who has already determined the very question which he certifies. There is a rule, adopted by this court on February 19, 1934, (Rule 20) under which a justice of the superior court may, with the approval of the presiding justice of that court, certify questions after hearing and determination by him, but it is not possible to apply this rule to justices of the district court. This rule expressly refers to the superior court only, and, unfortunately for the defendant, it cannot reasonably be construed to include the district courts by implication.

However, even if they could be so included, the defendant would not, on the status of the case then before the court, be entitled to have the question which has been certified determined by this court, because the question raised does not affect the merits of the controversy between her and the plaintiffs within the meaning of the statute providing for such certification. That controversy is whether or not the defendant is indebted to the plaintiffs and, if so, in what sum. The question certified does not bear upon that controversy. It concerns merely the exemption of defendant's wages from attachment, and thus cannot affect in any way the issue in controversy.

For the reasons stated, we decline to answer the question certified and accordingly the papers in the case are ordered

sent back to the district court of the tenth judicial district for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Martin M. Zucker,* for defendant.