GEORGE H. POIRIER, SR., *et al. vs.* JAMES W. QUINN
*Tax Collector of the City of Woonsocket.*

APRIL 28, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This bill in equity was brought by fifteen taxpayers of the city of Woonsocket, "in behalf of themselves and all other taxpayers of the said city of Woonsocket who have a common interest in the subject-matter," to enjoin the respondent tax collector of that city and his agents from collecting certain taxes which are alleged to have been illegally assessed, from selling the estates or property of the complainants and all other such taxpayers, and for other incidental relief.

The respondent filed a motion to dismiss the bill of complaint on the ground that the superior court "Sitting in Equity is without jurisdiction to hear and entertain the said Bill of Complaint under Chapter 31, Sections 14, 15, 16, 17, 18, and 24 of the General Laws of the State of Rhode Island 1938, as amended." Thereupon the trial justice certified to this court for determination under G. L. 1938, chap. 545, §5, as amended, the following question of law of doubt and importance: "Does this Honorable Superior Court, sitting as a Court in Equity, have jurisdiction to hear and entertain the Complainants' Bill of Complaint, after taking into consideration the provisions contained in the General Laws of Rhode Island, 1938, Chapter 31, Sections 14, 15, 16, 17, 18 and 24, as amended."

The question as thus certified is peculiar. We are reluctant to entertain it, because it does not appear to be such a question of doubt and importance that it should be certified to this court for determination under the pertinent statute. The proceeding which prompted the certification was simply a motion to dismiss the bill of complaint on the ground that the superior court sitting in equity had no jurisdiction whatever over the subject matter because of certain provisions of the statute referred to in the motion and the certification.

Such questions of jurisdiction are frequently presented to

the superior court and ordinarily are and should be determined by that court in the first instance. The mere fact that the determination of the motion may require a construction of a statute would not of itself justify the immediate certification of the question to this court. Indeed we have held substantially that, even if the proceeding presents a difficult or troublesome question, such circumstance of itself is not necessarily sufficient to warrant a certification. See *Ford* v. *Waldorf System, Inc.,* 57 R. I. 131.

The provisions of the statute as to certification require several elements to be present before a question should be certified. These have been stated to include: "(1) The question must be one of doubt. (2) It must be a question of importance. (3) It must so affect the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings, and (4) all these elements must be so determined to exist by the court before which the cause is pending." *State* v. *Karagavoorian,* 32 R. I. 477, 484. These elements were further explained in *Tillinghast* v. *Johnson,* 34 R. I. 136, 139.

In that case the court stated: "More is required than that it should be a question upon which the justice is unwilling, at the time of the hearing, to make an immediate ruling without further consideration. For, in the broad field of the law, there are many questions which when first presented may appear full of difficulty, but which upon deliberate examination lose their perplexity. Hence it is only after careful consideration, aided by the arguments and the researches of counsel, when the justice is then unable to reach a satisfactory conclusion and the question still appears doubtful to him, that the justice can properly consider the question, in the language of the statute, as of 'such doubt * * * that it ought to be determined by the Supreme Court before further proceedings.'"

In our opinion the instant cause comes within the rationale of that case. It is true that the determination of the motion involves a construction of the pertinent statute.

However, if after study the superior court holds that G. L. 1938, chap. 31, §14, by its terms excludes all equity jurisdiction, the motion to dismiss would naturally be granted. On the other hand if it finds that the superior court in equity has jurisdiction "in a proper case" under that statute, it would then be necessary to go further and determine whether, in view of all the provisions of the statute, the allegations of the bill state such a proper case for intervention by a court of equity. The question thus involved does not appear from this record to be different from those frequently presented to and decided by the superior court. Being a court of general equity jurisdiction it has the right and duty in the first instance to pass on its own jurisdiction. If any error should appear in such determination, the aggrieved party will have a right to prosecute an appeal in accordance with established procedures.

On the other hand, if the superior court may certify such questions it would not only affect the orderly procedures for review but would provide an easy method to call upon this court to exercise the jurisdiction and duty imposed upon the superior court. In our judgment, as pointed out in *Tillinghast* v. *Johnson, supra,* such a result is not intended under the statute. For that reason we hold that the instant question is not a proper certification under G. L. 1938, chap. 545, §5.

The papers in the case are ordered returned to the superior court for further proceedings.

*William G. Grande, Samuel H. Brenner,* for complainants.

*Israel Rabinovitz, City Solicitor of Woonsocket,* for respondent.