Perley E. NILES

v.

MARINE COLLOIDS, INC. and Bartholomew J. Pellicani.

Supreme Judicial Court of Maine.

Jan. 16, 1969.

David A. Nichols, Camden, for plaintiff.

Lawrence P. Mahoney, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from a dismissal of plaintiff's complaint.

Plaintiff, an employee of Marine Colloids complains that by virtue of working conditions under which he was exposed to the inhalation of harmful chemicals, and of which working conditions the company and the individual defendant Pellicani, who had supervisory responsibility over production employees, was well aware, he developed a dis-

abling pulmonary emphysema. Plaintiff alleges that this disability did not come about by accidental means and since pulmonary emphysema was not an occupational disease compensable under the Workmen's Compensation Act (Act) he is entitled to and does press his complaint at common law for consequential damages.

The defendant filed a Motion to Dismiss contending that the Superior Court had no jurisdiction to entertain the complaint for the reasons that:

(a) Plaintiff was an employee of the defendant company.

(b) That the defendant company was assenting employer under the Act and as such entitled to exemption from civil actions by employees at common law,[1]

(c) That the plaintiff at time of employment made no reservation of his common law right of action,[1] and

(d) That the immunity extended the company should extend to its officers and directors.

Plaintiff does not deny defendant's assertions (a), (b) and (c). The dismissal was granted and plaintiff appeals.

Plaintiff specifically pleads a set of facts which exclude him from benefits under the Act. He complains of an occupational disease brought about by violation of the defendant's common law duties to him, which arose not by accident as defined within the Act and which resulted in an occupational disease for which the Act gives no compensation.

Defendant contends that by reason of the quoted statute, and plaintiff's admission that he was an employee of Marine Colloids, and that Marine Colloids was an assenting employer under the Act, the exclusive jurisdiction of the controversy in the first instance rests with the Industrial Accident Commission (Commission) for a determination of the compensability or non-compensability of the health conditions of which plaintiff complains. In short, defendant urges that the Superior Court is without power to determine its own jurisdiction in the premises. The issue of this appeal is resolved by the state of the pleading. The Act created "a new and wider remedy for victims of *industrial accidents* (emphasis added) and a new tribunal for the administration of such remedy." Nadeau v. Caribou Water, Light & Power Co., 118 Me. 325, 329, 108 A. 190, 192.

"A personal injury to be compensable * * * must be by *accident* (emphasis added) arising out of and in the course of the employment." Bennett's Case, 140 Me. 49, 51, 33 A.2d 799, 800, which refers to R.S. 1944 Chapter 55 § 8, (39 M.R.S.A. § 51 as of the date here involved.)

The Act "prior to the enactment of P.L. 1945, Chapter 338 (the Occupational Disease Law)," restricted compensation "to *accidental injuries* (emphasis added) 'arising out of and in the course of' employment. * * * The Occupational Disease Law does not change the controls applicable to accidental injuries." Dinsmore's Case, 143 Me. 344, 345, 62 A.2d 205, 206.

■ Compensation under the Act is premised upon *accidental* injuries and, since the effective date of Chapter 338 P.L.1945, occupational diseases as specifically listed in the pertinent statute.[2]

---

1. 39 M.R.S.A. "§ 28. *Waiver of common-law right of action unless claimed* An employee of an employer, who shall have assented to become subject to this Act * * * shall be held to have waived his right of action at common law to recover damages for the injuries sustained by him, * * * if he shall not have given his employer at the time of his contract of hire notice in writing that he claimed such right, and within 10 days thereafter have filed a copy thereof with the commission; * * *." See also Sections 3 and 4, same Title.

2. 39 M.R.S.A. §§ 193–196 inclusive. Since amended by Chapter 374 P.L.1967.

■ Pulmonary emphysema, as applied to plaintiff, was not a compensable occupational disease.

■ Accepting the assertions of both parties as true, initial exclusive jurisdiction in the Commission is not established. Granting that plaintiff was an employee of defendant company, granting that defendant company was an assenting employer under the Act, and granting that plaintiff made no reservation of his common law right of action, absent an accidental injury or compensable occupational disease, the Act does not come into play. *Nadeau,* supra, holds nothing to the contrary. See also Spence v. Bath Iron Works Corporation, 140 Me. 287, 289, 37 A.2d 174.

■ It is inherently within the power and duty of the Court of general jurisdiction to determine its jurisdiction, 20 Am. Jur.2d Courts § 92; 21 C.J.S. Courts § 113; Appeal of Matheisel (1966) 107 N.H. 479, 224 A.2d 832; Green v. Obergfell (1941) 73 App.D.C. 298, 121 F.2d 46, [9–12] 54, 138 A.L.R. 258, cert. den. 314 U.S. 637, 62 S.Ct. 72, 86 L.Ed. 511; and Poirier v. Quinn (1955) 83 R.I. 98, 113 A.2d 642, [3] 644. The case as impleaded being beyond the remedial scope of the Act, plaintiff was entitled to be heard. See Pell v. New Bedford Gas & Edison Light Co. (1950) 325 Mass. 239, 90 N.E.2d 555, [1, 2] 556, [3, 4] 557.

Appeal sustained.