262 A.2d 383.

STATE *vs.* BARBARA MACTAVISH.

FEBRUARY 24, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The defendant, charged with violating the gambling laws of this state, moved prior to trial to suppress the evidence upon which the charges were based. At the suppression hearing the Attorney General advised the court that the questions of law raised by the defendant's motion

were of such doubt and importance and so affected the merits of the controversy that they ought to be certified to this court for determination before further proceedings were had in the Superior Court. Accordingly, pursuant to G. L. 1956, §9-24-27, the trial justice certified those questions for our determination.

In his brief and oral argument, the Attorney General concedes that the answers to at least one of the questions certified, although doubtful when the certification was made, has since been resolved by the decisions in *Spinelli* v. *United States,* 393 U. S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637; *Aguilar* v. *Texas,* 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed.2d 723, and *State* v. *LeBlanc,* 100 R. I. 523, 217 A.2d 471. He also agrees that the warrant does not meet the present-day standards established by those decisions, and he asks this court "to remit the case to the Superior Court for reconsideration on the basis of the new cases." Implicit in his concession and request is his agreement that the evidence obtained in the course of the execution of the warrant should be suppressed.

Once the need to suppress is conceded, the questions raised no longer bear upon the controversy since, irrespective of how we respond to the several questions, the ultimate disposition of defendant's motion to suppress will be the same — the evidence will be suppressed. The certification statute, however, does not contemplate that a question will be certified unless, in addition to being important and doubtful, it also "affects the merits of the controversy." The certification no longer has that effect in this controversy and for that reason, as well as because the answer to at least one of the questions concededly is no longer doubtful, we decline to answer the questions. *Brady* v. *Moreau,* 65 R. I. 469, 16 A.2d 329; *State* v. *Karagavoorian,* 32 R. I. 477, 484-85, 79 A. 1111, 1113-14.

The papers in the case are ordered sent back to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Leo Patrick McGowan,* for defendant.