**Lawrence K. DAVIS**

v.

**BATH IRON WORKS CORPORATION.**

Supreme Judicial Court of Maine.

May 21, 1975.

O'Rourke & Clawson by Clifford F. O'Rourke, Richard L. Clawson, Camden, for plaintiff.

Mahoney, Robinson, Mahoney & Norman by Robert F. Hanson, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

On report.

Plaintiff Lawrence K. Davis brought a civil action premised on common law concepts of negligence against his former employer, Bath Iron Works Corporation, seeking damages resulting from having contracted asbestosis during the course of his employment.

A Justice of the Superior Court had denied defendant's motion to dismiss the complaint, which motion was premised on two positions, (1) the plaintiff's exclusive remedy arose under the Maine Workmen's Compensation Act (Act) and, alternatively, (2) if the Act is not plaintiff's exclusive remedy, the action is barred by the Statute of Limitations. The Justice below ruled that the Workmen's Compensation Act was inapplicable and that the action was not barred by the Statute of Limitations.

On motion of the defendant, the Justice below reported the case to the Law Court

pursuant to Rule 72(c), M.R.C.P.,[1] in order to determine the accuracy of his ruling denying the motion to dismiss.

The plaintiff was an employee of Bath Iron Works Corporation from January, 1944, to October 14, 1966. He alleged that during the period of his employment, because of continuous exposure to asbestos and asbestos dust, he contracted the disease known as asbestosis. He further alleged that defendant was negligent in failing to warn plaintiff of the hazardous and injurious effect of continuous exposure to asbestos and asbestos dust and in failing to take appropriate safety measures to protect the health and well being of the plaintiff. The complaint alleges that the possibility of having contracted this disease was not made known to the plaintiff until January of 1967 and was not definitely diagnosed until July of 1972. The plaintiff commenced his common law action October 16, 1972.

At all times pertinent to this action Bath Iron Works Corporation was an assenting employer, and plaintiff was an assenting employee under the Workmen's Compensation Act.[2]

The facts are not in dispute. The pivotal issue is whether the Justice below was in error in ruling that the Act was inapplicable. Defendant-employer contends that when the occupational disease provisions of the Act are applied to the facts alleged in the complaint, "it becomes apparent that Maine's Act afforded a remedy to Mr. Davis" and, therefore, precluded the common law action since proceeding under the Act was the exclusive remedy.

Prior to January 1, 1946, compensation under the Act was restricted to *accidental* injuries or death arising out of or in the course of employment. In 1945 the Legislature enacted the Occupational Disease Law,[3] bringing certain specifically defined diseases within the provisions of the Act.[4] In addition to providing that "all of the provisions of that Act shall apply to such occupational diseases," Section 182 provides:

"This law shall apply only to cases in which the last exposure to an occupational disease in an occupation subject to the hazards of *such disease occurred in this State and subsequent to January 1, 1946.*"

Asbestosis was brought within the provisions of the Act by P.L. 1967, ch. 374, § 8 (now 39 M.R.S.A. § 194–A), effective November 30, 1967:

"In the absence of evidence in favor of the claim, disability or death from asbestosis shall be presumed not to be due to the nature of any occupation, *unless during the 15 years immediately preceding the date of disability the employee has been exposed to the inhalation of asbestos dust over a period of not less than 2 years.* If the employee shall have been employed by the same employer during the whole of such 2-year period, his right to compensation against such employer shall not be affected by the fact

---

1. "(c) Report of Interlocutory Rulings. If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein."

2. 39 M.R.S.A. "§ 28. Waiver of common law right of action unless claimed.

An employee of an employer, who shall have assented to become subject to this Act . . . shall be held to have waived his right of action at common law to recover damages for the injuries sustained by him . . . if he shall not have given his employer at the time of his contract of hire notice in writing that he claimed such right, and within 10 days thereafter have filed a copy thereof with the commission . . . ."

3. P.L.1945, ch. 338, now 39 M.R.S.A. § 181 et seq.

4. 39 M.R.S.A. §§ 193–196.

that he had been employed during any part of such period outside of this State." (Emphasis supplied.)

It is clear that by inserting in § 194–A the words, "unless during the 15 years immediately preceding the date of disablity," the Legislature gave special consideration to the gradual, degenerative nature of asbestosis. While it is true that § 194–A was not enacted until thirteen months after plaintiff ceased his employment with the defendant, it is nonetheless an agreed fact that plaintiff's exposure to asbestos and asbestos dust was subsequent to 1946 and was for *at least two years during the fifteen years preceding his disability*. The language of this section is in itself determinative of the issue before us.

We feel that the "liberal intent of our workmen's compensation laws . . . with its broad remedial goals and the danger of unintended injustice"[5] require that we interpret this statute as providing the exclusive remedy on the facts before us.

"The compensation remedy is exclusive of all other remedies by the employer or his dependents against the employer and insurance carrier for the same injury, if the injury falls within the *coverage formula* of the act. If it does not, as in the case where occupational diseases are deemed omitted because not within the concept of accidental injury, the compensation act does not disturb any existing remedy . . . ." (Emphasis supplied.)

2 Larson's Workmen's Compensation Law, § 65.00.

In Niles v. Marine Colloids, Inc., 249 A. 2d 277 (Me.1969), the factual background was the converse of that now before us. In *Niles* the plaintiff sought damages in a common law action from having developed disabling pulmonary emphysema during the course of his employment. The Superior Court dismissed the complaint on the ground that the defendant company was an assenting employer under the Act and as such was entitled to exemption from civil actions by employees at common law. Noting that pulmonary emphysema was not, as applied to the plaintiff, a compensable occupational disease and that "[t]he case as impleaded being beyond the remedial scope of the Act," the appeal from that decision was sustained. Conversely, if pulmonary emphysema had been within the remedial scope of the Act, the facts in *Niles* would have paralleled those before us and obviously would have led to the opposite result. The only actions by assenting employees against their employers that can be maintaned, and are not abrogated by the Act, are those based on injuries otherwise remediable at common law and *which are not covered by the Act*. *See* Summers v. Western Idaho Potato Processing Co., 94 Idaho 1, 479 P.2d 292 (1971).

It is clear that asbestosis, as applied to the plaintiff, was a compensable occupational disease under the Act. We, therefore, hold that the Justice below was in error in ruling that the Workmen's Compensation Act was not applicable.[6]

The question of whether the common law action is barred by the Statute of Limitations becomes moot in view of our decision on the first issue.

The entry is:

Remanded to the Superior Court for entry of an order sustaining the defendant's motion to dismiss.

All Justices concurring.

5. Severance v. State, Department of Transportation, 324 A.2d 314 (Me.1974).

6. We decide here only the forum in which plaintiff's remedy should lie. The timeliness of any action brought under the Act is not here decided, nor do we express or intimate any opinion thereon.