## MELLEN v. HIRSCH et al.

### No. 3919.

District Court, D. Maryland.
May 10, 1948.

Judgment Affirmed Dec. 3, 1948.
See 171 F.2d 127.

Joseph Mellen, in pro. per. for plaintiff.

Paul E. Due of Due, Nickerson & Whiteford, all of Baltimore, Md., for defendants.

CHESNUT, District Judge.

This case presents a common-law suit against employers by an employee to recover damages for an accidental personal injury arising in the course of his employment, at a time when the employee was a minor, and was allegedly employed contrary to the provisions of the applicable Child Labor Law, D.C.Code 1940, § 36—201 et seq. The jurisdiction of this court is based on diverse citizenship. The plaintiff and his father, by whom he sues as next friend, are citizens of Ohio, temporarily resident at the time of the accident in the District of Columbia. The defendants are citizens of the State of Maryland engaged in business as employers in the manufacture of tents and similar articles in the District of Columbia.

The defendants have filed an extended motion for summary judgment supported by affidavit, in which they set up as *res adjudicata* a prior suit between the same parties in the District of Columbia which was dismissed on motion on the ground that the plaintiff had no proper cause of action in a suit at common law because the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., made applicable in the District of Columbia as a Workmen's Compensation Act, District of Columbia Code 1940, §§ 36—501, 36—502, 45 Stat. 600, c. 612, 33 U.S.C.A. § 901 note, provided the exclusive remedy, 33 U.S.C.A. § 905. On appeal the judgment of dismissal was affirmed by the United States Court of Appeals for the District of Columbia, 159 F. 2d 461. In the opinion by Associate Justice Edgerton, after referring to the provisions of 33 U.S.C.A. § 905, that the employee's remedy under the statute was exclusive "except that if an employer fails to secure payment of compensation as required * * *, an injured employee * * * may elect to claim compensation under this chapter, or to maintain an action at law", it was said:

"Appellant does not contend that his case is within the stated exception. His contention is in effect that the court should add an exception covering cases in which the injured employee is employed, as appellant was, in violation of the child labor law. We agree with the District Court that no such distortion of the Compensation Act is permissible."

A petition for certiorari was denied by the Supreme Court, 331 U.S. 845, 67 S.Ct. 1534, 91 L.Ed. 1855.

It will be noted that in the former case between the parties in the District of Columbia, the plaintiff did not contend that the employer had failed to secure payment of compensation as required by the Act. In the motion for judgment here defendants say that such a contention could readily have been made and should have been made by the plaintiff in the former suit and that

they are estopped now to make the point for the first time in this subsequent suit. However, the plaintiff has filed a long answering affidavit including an averment to the effect that he had not heretofore been able, in the exercise of diligence, to obtain or inspect the insurance policy obtained by the plaintiffs, "to secure payment of compensation as required". And in the complaint in the instant case the statement is made that when the policy is produced by the defendants it will appear therefrom that "said policy will show that it covers only such employees of the defendants as were Legally Employed; that by reason of the plaintiff having been illegally employed he was not and is not covered thereby; that he is embraced and comes within the exception set forth in Section 905 of the Longshoremen's and Harbor Workers' Act, and, therefore, claims the benefits set forth in said exception and elects to maintain his action through this court."

■ I agree with plaintiff's counsel that the motion for judgment should not be granted where the papers submitted show a controversy with respect to any material fact; and therefore I put aside for the purpose of this case the defendants' contention with respect to the particular point.

■ However, with the defendants' motion for judgment there is filed a copy of the defendants' policy referred to which the defendants say constituted a full compliance by them with the requirements of the Act to secure compensation to the plaintiff; and the latter's extended reply affidavit *does not dispute* or in any way challenge the correctness of the policy in question. Therefore, the only issue now open for further litigation between the parties in this case is merely a question of law and not one of fact. And the question of law is whether the provisions of the policy do constitute in legal effect a securing of payment of compensation to the plaintiff of sums due under the Act. The contention heretofore made in the case in the District of Columbia to the effect that the plaintiff has the election to sue at law rather than make a claim for compensation under the Act because employed contrary to the local Child Labor Law, was definitely adjudicated against the plaintiff in that case and is not now open to further controversy.

■ It results that the only point now open, that is, whether the policy secured compensation under the Act, is purely a question of law to be determined on the face of the policy, I find and conclude as a matter of law that the policy did secure to the plaintiff all payments to which he would have been entitled under the Act.

The policy covered the period during which the accident occurred. It is on the standard form and is prominently stated to be "Standard Workmen's Compensation and Employers' Liability Application". Section 1(a) of the policy includes the obligation of the insurer (The New Amsterdam Casualty Company) "to pay promptly to any person entitled thereto under the Workmen's Compensation Law and in the manner therein provided the entire amount of any sum due, and all installments thereof as they become due, (1) to such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in the Endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation law, * * *.

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this Contract, as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this Policy, while this Policy shall remain in force.

"Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an Endorsement hereto attached."

The policy contains several separate and distinct endorsements. One of them is entitled in prominent black print at the top "District of Columbia Standard Compensation Endorsement" which, among its provisions, includes the following:

"The Company agrees to abide by all the provisions of said District of Columbia Workmen's Compensation Act and all law-

ful rules regulations, orders and decisions of the United States Employees' Compensation Commission and of the Deputy Commissioner for the District of Columbia having jurisdiction, unless and until set aside, modified or reversed by a court having jurisdiction of the parties and the subject matter."

The defendants were also partially engaged in business in Maryland and the policy contained a "Maryland Standard Compensation Endorsement" with which, however, we are not concerned in this case. The averment of the plaintiff's complaint that the policy would be found to contain an exception of the insurer from liability in the case of illegally employed employees, seems to be due to the fact that section 1(b) of the policy also contains the obligation of the insurer to "Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada". But it will be noted that this paragraph 1(b) which contains an exception as to employees who are illegally employed, is an *additional* risk assumed by the insurer and the limitation therein does not apply to the obligation of the insurer contained in section 1(a) which fully complies with the Compensation Act. In other words, the policy contains in this respect two separate and cumulative obligations of the insurer; (1) to comply fully with the Compensation Act and (2) to cover certain other employers' liability. And the very title of the policy indicates this in the prominently displayed heading "Standard Workmen's Compensation and Employers' Liability Application".

 It appears that there are differences in judicial decisions under Workmen's Compensation Acts in other jurisdictions with respect to the effect of the liability of the employer in cases of employees employed contrary to the Child Labor Law or otherwise illegally employed. But however that may be, it is too clear for argument that the former case in the District of Columbia has definitely adjudicated that there is no exception under the particular compensation act with which we are here concerned with respect to the illegally employed employees. As pointed out in the opinion of Associate Justice Edgerton, the Longshoremen's and Harbor Workers' Compensation Act which made exclusive the remedy provided in that Act "was copied from the New York statute when the New York courts had already held that violation of the child labor law did not create a second exception. Noreen v. William Vogel Bros. Inc., 231 N.Y. 317, 132 N.E. 102. Cf. Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 154, 156, 85 F.2d 411, 413." See also Terminal Shipping Co. v. Branham, Deputy Commissioner, D.C.Md., 47 F.Supp. 561, 564; affirmed 4 Cir., 136 F.2d 655.

The plaintiff's contention is that, because his employment was illegal under the Child Labor Law in the District of Columbia, the exclusive remedy feature of the Compensation Act in the District of Columbia did not apply to him because such illegal employment constituted an implied exception to the exclusive feature of the remedy and therefore left open to him the option to proceed with a common law suit instead of prosecuting a claim for benefits under the Act. But, as above pointed out, the case between the parties in the District of Columbia Courts expressly decided against that contention; and the only exception to the exclusive nature of the remedy, if any, lies in the plaintiff's averment in the complaint that the defendants did not secure payment of compensation under the Act. But the defendants' motion for judgment sets up the fact that payment of compensation was secured to the plaintiff by the defendants by the policy, copy of which was filed with the motion and the correctness and existence of the policy is not a disputed fact. And as I find from the policy itself that it did secure compensation to the plaintiff for any claim properly cognizable under the Act, the necessary result is that the plaintiff's remedy under the Act itself is exclusive; and therefore it is not permissible for him to maintain a common law suit in this case against the defendants.

Plaintiff's counsel strenuously urges that the former case in the District of Columbia constitutes no effective adverse decision against the plaintiff on any point because it is said that the case was dismissed for lack of jurisdiction. But this is seemingly a misunderstanding of the basis for the dismissal of that suit. It appears from the report of the case in the Court of Appeals, App.D.C., 159 F.2d 461, that "the District Court dismissed the complaint because the Longshoremen's and Harbor Workers' Compensation Act provided the exclusive remedy, and plaintiff appeals." In one sense it is true that the case was dismissed for lack of jurisdiction but it was not lack of jurisdiction either of the parties or of the authority of the court to make an adjudication. What was decided was that the plaintiff's complaint in that case stated no proper cause of action in that it was a suit at common law which would not lie against the plaintiff in view of the exclusive remedy of the Compensation Act.

I necessarily conclude, therefore, that the motion for summary judgment must be granted. Counsel may submit the appropriate order in due course.