**MELLEN v. H. B. HIRSCH & SONS et al.**

No. 9376.

United States Court of Appeals
District of Columbia.

Argued Jan. 13, 1947.

Decided Feb. 3, 1947.

Joseph H. Mellen, pro se, for appellant.

Mr. Lewis Jacobs, of Washington, D.C., with whom Messrs. W. E. Cumberland and Julian H. Reis, both of Washington, D. C., were on the brief, for appellees.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

Appellant, a boy fifteen years old, brought this action at common law to recover damages for an accidental personal injury that arose out of and in the course of his employment by appellees. The District Court dismissed the complaint because the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., applicable in the District of Columbia as a Workmen's Compensation Act, D.C. Code 1940 §§ 36—501, 36—502, 45 Stat. 600, c. 612, 33 U.S.C.A. § 901 note, provides that in respect to such an injury compensation under the Act shall be "exclusive and in place of all other liability * * *, except that if an employer fails to secure payment of compensation as required * * *, an injured employee * * * may elect to claim compensation under this chapter, or to maintain an action at law * * *" 33 U.S.C.A. § 905. Appellant does not contend that his case is within the stated exception. His contention is in effect that the court should add an exception covering cases in which the injured employee is employed, as appellant was, in violation of the child labor law. We agree with the District Court that no such distortion of the Compensation Act is permissible. There is no reason to suppose that Congress did not mean what it plainly said. Moreover, as the District Court pointed out, the "exclusive" provision with its single exception was copied from the New York statute when the New York courts had already held that violation of the child labor law did not create a second exception. Noreen v. William Vogel & Bros., Inc., 231 N.Y. 317, 132 N.E. 102. Cf. Hartford Accident & Indemnity Co. v. Hoage, 66 App. D.C. 154, 156, 85 F.2d 411, 413. Appellant's other contentions are also without merit.

Affirmed.