Martha M. KIRK, an adult, and Kenneth William Kirk, a minor, who sues by his Guardian Ad Litem, Martha M. Kirk, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. 3067.

United States District Court
D. Idaho, S. D.

Sept. 20, 1954.

234

Richards, Haga & Eberle, Boise, Idaho, for plaintiff.

Sherman F. Furey, Jr., U. S. Dist. Atty., Boise, Idaho, for defendant.

TAYLOR, District Judge.

This is an action in tort charging that the United States, by and through its negligence, was responsible for the death of one William M. Kirk. Plaintiffs are the wife and minor child of deceased, said wife appearing in her own right and as guardian ad litem for the minor. The action was commenced and is being prosecuted under and pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., and the jurisdiction of this court is invoked under and pursuant to 28 U.S. C.A. § 1346(b). The cause is now before this court on the motion of the defendant for a summary judgment.

Plaintiffs complaint alleges that the defendant, the United States of America, "was engaged in the construction of a dam * * * on the Boise River about ten miles East of Boise in Ada County, State of Idaho; that said project was being carried out by the Department of the Army, Corps of Engineers and by the Chief Engineer of said Corps, * * * as authorized by statute and regulation of the United States of America and the Department of the Army." It is further alleged that Kirk "was employed as a carpenter upon the Lucky Peak Dam project by Bruce Construction Company and Russ Mitchell, Inc., which said parties were contractors performing work upon said project for the Defendant * * *; that said William M. Kirk while employed by said contractors and while performing carpenter work upon

said project, * * *, through the negligence and wrongful acts and omissions of the Defendant and its employees died * * *." Plaintiffs specifically allege that, "*said Lucky Peak Dam, the control works and the land occupied thereby, were in the possession of and under the control, dominion and authority of said Defendant, the United States of America.*" (Emphasis supplied). Also, that at about the time of decedent's death, "Major Grahm Emore, U.S.A., acting within the scope of his employment with Defendant, was present and supervising the work," and that said Major Grahm Emore was a, or the, "U.S. Army engineer" on the project. Referring to Major Emore and certain other Federal employees who were allegedly associated with the project, plaintiffs further allege, "*These employees of the Government, engaged in the supervision of the construction of the Dam and within the scope of their employment,* carelessly, heedlessly and negligently by act and omission failed to perform their duties under the statutes and regulations of the United States, and carelessly, heedlessly and negligently by act and omission failed to provide a reasonably safe place for said William M. Kirk to work, thereby causing the injury and death of said William M. Kirk." (Emphasis supplied.)

In response to defendant's request for admissions, plaintiffs admitted that they had "*applied for and received a substantial sum under the Idaho Workmen's Compensation Act,* and that said sum was paid plaintiffs by Bruce Construction Company and Russ Mitchell, Inc., as employers of said William M. Kirk, or by their insurer under the terms of said act." (Emphasis supplied.)

Defendant in support of its motion for summary judgment relies on the interpretation of 28 U.S.C.A. § 2674. This section provides as follows:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

Defendant contends that the United States should be classed "owner" or "employer" under Idaho's Workmen's Compensation Act, and as such is not subject to this action because plaintiffs have received compensation benefits from the contractors as a result of the death of said William M. Kirk, growing out of and in the course of his employment.

Section 72–203, I.C., provides as follows:

"The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury."

Section 72–811, I.C., provides as follows:

"An employer subject to the provisions of this act, shall be liable for compensation to an employee of a contractor or subcontractor under him or who has not complied with the provisions of section 72–801 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. * * *"

Section 72–1010, I.C., provides as follows:

" 'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other

reason, is not the direct employer of the workmen there employed. If the employer is secured it includes his surety so far as applicable."

Plaintiffs assert that the Supreme Court of Idaho has held that the Workmen's Compensation Act does not bar an action for wrongful death by decedent-employee's estate or personal representatives against a third person; i. e., one not his employer, even though said employee or his estate or personal representatives have previously recovered compensation under the Act. In this we believe plaintiffs are correct, and, to this effect, Lebak v. Nelson, 1940, 62 Idaho 96, 107 P.2d 1054, is correctly cited. Plaintiffs contend that the United States is a "third party" and cannot claim to be an "employer" or "owner" under the Act since said act does not and cannot require the federal government to carry compensation insurance as an ordinary employer. The contractors performing the work for the United States were compelled to, and did comply with the Workmen's Compensation Laws of the State of Idaho, not only because of the terms of their contract with the United States, but because they were required to do so under the statutes of Idaho. Under the allegations of plaintiffs' complaint the contractors for whom the decedent was working at the time of his death were the agents of the defendant and the defendant maintained supervision and control of the construction. Under such circumstances the United States was the employer as defined by the Workmen's Compensation Laws of Idaho. Under and by virtue of the Federal Tort Claims Act the United States has consented to be sued for torts committed by it *in the same manner and to the same extent as a private individual under like circumstances.* The United States having submitted to suit as if a private person, its liability and defenses under local law must be considered in terms of the application of said local law to a private individual. It must be conceded that under the circumstances of this case a private individual would not be liable to the plaintiffs due to the provisions of Section 72–203, I.C.

■ Plaintiffs insist that the United States, as owner of the premises, does not fall within the statutory definition of employer under Sections 72–1010, I.C. In support of this proposition plaintiffs cite Moon v. Ervin, 64 Idaho 464, 133 P.2d 933. In this case the owner of property upon which he had let a contract for the construction of a home was held not to be an employer within the meaning of the Workmen's Compensation Act. However, the owner had not retained any right to control or direct the activities of the contractor's employees on the job. Gifford v. Nottingham, 1948, 68 Idaho, 193 P.2d 831, wherein a general contractor was sued by an employee for wrongful death, holds that the city for whom the contractor was doing the job was not an "employer" within the Act. The Moon case, supra, was cited as authority. The rule announced in those cases is reasonable and correct under the circumstances, but does not seem to be applicable under the facts of this case. As hereinabove stated, the plaintiffs have alleged that defendant was "engaged in the construction of a dam", "that said project was being carried out by the Department of the Army", that the "Dam, the control works and the land occupied thereby, were in the possession of and under the control, dominion and authority of said Defendant, the United States of America", and that a Federal official, Grahm Emore, "acting within the scope of his employment with Defendant, was present and supervising the work" at the time of decedent's death. The allegations of the plaintiff's complaint makes the defendant an employer within the meaning of Section 72–1010, I.C. The defendant being an employer within the meaning of the Idaho Workmen's Compensation Act, it follows that under Section 72–203, I.C., plaintiffs exclusive remedy for the death of said William M. Kirk was, and is, the admitted collection of Workmen's Compensation benefits and therefore plaintiffs are estopped from bringing this action.

Plaintiffs contend that under the Federal Tort Claims Act the United States generally may be sued in tort as if an individual, and that in addition to having waived its immunity to suit, it also has waived certain defenses which would be available to an individual under the same circumstances. Consequently, plaintiffs conclude, the United States cannot avail itself of the defense of the payment of compensation benefits. Plaintiffs cite the following as authority for this position: Gibbs v. U. S., D.C.N.D.Cal., S.D., 1950, 94 F.Supp. 586; United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, and Cerri v. United States, D.C.1948, 80 F.Supp. 831.

In Gibbs v. United States, supra, plaintiffs were civilian employees of the United States injured while repairing an aircraft carrier. They sued in tort under the Public Vessels Act, 46 U.S.C.A. § 781 et seq. At a pre-trial hearing it was determined that all but one of the claimants had received compensation pursuant to the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. The court noted that the F.E.C.A., up to and including the crucial date in the action, had never contained a provision which either in form or effect made receipt of benefits thereunder the exclusive remedy of federal employees, and then held that the F.E.C.A. was not the exclusive remedy of the claimants therein. It appears that this holding is correct inasmuch as the F.E.C.A. did not provide that the receipt of benefits was the exclusive remedy. The Idaho Workmen's Compensation Act has the same relative position in the case at bar as did the F.E.C.A. in the Gibbs case. The distinction between the F.E.C.A. and the Idaho Workmen's Compensation Act is that the latter does, and the former does not provide that receipt of benefits constitutes the exclusive remedy as against employers. It does not appear that the Gibbs case is of any assistance to plaintiffs in this case, but, on the contrary, the logical inference is that the exclusivity provision in the compensation statutes is decisive and is in aid of defendant's interpretation of the Federal Tort Claims Act.

The case of the United States v. Yellow Cab Co., supra [340 U.S. 543, 71 S.Ct. 401], involved the question, "whether the Federal Tort Claims Act empowers a United States District Court to require the United States to be impleaded as a third-party defendant and to answer the claim of a joint tort-feasor for contribution as if the United States were a private individual." This case does not appear to be of any assistance since the issues disposed of differed from those presently under consideration. Furthermore, the dictum of the case, read in light of the problem then before this court in no way conflicts with this opinion.

Plaintiffs cited at length from Brooks v. United States, supra, [337 U.S. 49, 69 S.Ct. 919] and the question there was "whether members of the United States armed forces can recover under that Act (referring to the Federal Tort Claims Act) for injuries not incident to their service." The court extended the Act to, or interpreted it to cover, servicemen, stating that the term, "any claim", did not reflect a legislative intent to exclude members of the armed forces. In so holding the court specifically noted, "Provisions in other statutes for disability payments to servicemen, and gratuity payments to their survivors, 38 U.S.C. § 701, 38 U.S.C.A. § 701, indicate no purpose to forbid tort actions under the Tort Claims Act. Unlike the usual workmen's compensation statute, e. g., 33 U.S.C. § 905, there is nothing in the Tort Claims Act or the veteran's laws which provides for exclusiveness of remedy. United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, indicates that, so far as third party liability is concerned." The distinction between the case at bar and the cited authority is that the noted holding in the Brooks case is based on the absence of an exclusive remedy provision in the veterans' laws.

It is indicated by plaintiffs that 28 U.S.C.A. § 1346(b), which, in general

terms, provides that the United States may be sued in the federal district courts for negligence, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred", does not mean that the United States is to be treated as would a private person. Plaintiffs rely on Cerri v. United States, supra, [D.C.1948, 80 F.Supp. 833] in support of this position. The Cerri case was an action under the Tort Claims Act by a husband and wife to recover for injuries suffered by the wife, an innocent bystander, when she was wounded as the result of a shot fired by a soldier on guard duty, while he was attempting to halt a civilian under arrest. Defendant denied liability upon the ground that under the local law involved, a municipality was not liable for the tortious acts of police officers acting in the line of duty, and further, that under the local law the sovereign police power could not be delegated to a private individual, and therefore, no private individual would be liable for the tortious acts of a special policeman employed by him. Assuming defendant to have stated the local law correctly, the court reasoned as follows in finding for plaintiff:

"There can be no allegation that the Federal Tort Claims Act constitutes a delegation of sovereign power to any private individual. Read fully, the act is the simple giving of the consent of the United States to tort actions against itself.

"The phrase ' * * * where the United States, if a private person, would be liable * * *,' 28 U.S. C.A. § 921 and § 931, (In 1948 Revision, 28 U.S.C.A. §§ 2672, 2674.) is not to be understood to mean that the United States can be sued only if a private person can be sued under identical circumstances. This phrase does not determine the relationship of the government to its employees, but rather determines the relationship of the government to third parties. The act gives the consent of the United States to be treated by the injured party as if it were a private individual, amenable to court action without claim of immunity, in all those cases, not exempted by the act, where the negligence of its agents, servants or employees has caused injury or damage to third parties."

It is apparent that the Cerri case presented a situation quite different from the one presented here, and the issues and the holdings in the Cerri case are of limited value to this court at this time. However, there is some language in the case which might lend weight to plaintiffs' theory of the Tort Claims Act. It should be noted that in the Cerri case the United States sought to plead defenses that would be available to a municipality or a private individual under similar circumstances. Under the local law there involved, sovereign police power could not be delegated, and as a result a private individual would not be liable for the torts of a special policeman in his employ; and, likewise, a municipality would not be liable for such conduct by a police officer. The court held that the United States had not by the Federal Tort Claims Act delegated sovereign power to the soldier on guard, and that, having waived sovereign immunity to suit in the Tort Claims Act, the United States must submit to suit by the injured party as if it were a private individual, amenable to court action without claim of immunity.

In the case at bar immunity is not the question, and consequently the Cerri case is not of assistance in determining the issue raised by the defendant.

■ It is the opinion of this court that the Federal Tort Claims Act only waived immunity to suit in cases based upon tort claims *in the same manner and to the same extent as a private individual under like circumstances*, but did not waive available defenses which an individual might have under the same circumstances. In the instant case, an individual standing in the position of the defendant United States of America

would have the defense to this action of having paid compensation benefit under the law of the state of Idaho. It follows that the payment of such benefits would be the exclusive remedy for such individual and consequently, this court holds that the payment of compensation benefits to plaintiffs is their exclusive remedy in the case at bar.

After fully considering the pleadings, admissions, oral argument and briefs of the respective counsel, it is the opinion of this court that defendant's motion for summary judgment should be granted.

Counsel for the defendant may prepare the necessary findings of fact, conclusions of law and judgment, serve copy on opposing counsel and submit the original to the Court for approval.