285 P.2d 473

In the Matter of Lloyd **LOCKARD**, Employee, Claimant-Appellant,

v.

The **ST. MARIES LUMBER CO.**, Employer, and

**Fireman's Fund Indemnity Company**, Surety, Defendants-Respondents.

No. 8292.

Supreme Court of Idaho.

June 23, 1955.

Estes & Felton, Moscow, for appellant.

H. J. Hull & Sons, Wallace, for respondents.

**TAYLOR, Chief Justice.**

Appellant, a minor, 15 years of age, was injured, while employed by respondent in violation of the Child Labor Law of this state, § 44–1304, I.C., on September 8, 1952. He made no claim for compensation, but instead filed an action for damages at law. Employer and surety made application to the Industrial Accident Board for a hearing to determine their liability under the Workmen's Compensation Law. On objection of appellant, the board refused to take jurisdiction because no claim for compensation had been filed by him. On appeal this court held the employer could invoke the jurisdiction of the board, and remanded the cause for hearing and determination. Lockard v. St. Maries Lumber Co., 75 Idaho 497, 274 P.2d 995. Pursuant to the mandate, a hearing was had and award was made in appellant's favor. At the hearing appellant again objected to the jurisdiction of the board, urging that, being a minor illegally employed, he was not an "employee" within the meaning of the compensation law, for which reason that law has no application to his case.

In addition to the question of jurisdiction, appellant assigns as error the action of the board in receiving evidence that he misrepresented his age in seeking the employment, and in finding that physically his apparent age was 18 years, justifying the presumption that he was sui juris. We will not consider these assignments for the reason that, if they were material, or constituted a defense—which we do not decide—no objection was made or urged by the employer on such grounds. The award being in favor of appellant, he was in no way injured by the evidence or the conclusion of the board thereon.

Respondents urge that the issue of the board's jurisdiction was determined upon the prior appeal, and that appellant is now precluded from again presenting the question by the doctrine of res judicata. It may well be that this cause could be disposed of in a broad application of that doctrine on the theory that if the question of the ap-

plicability of the compensation law to the case of a minor illegally employed was not, it could have been, urged upon the prior hearing. However, in view of the fact that the issue now presented does not appear to have been specifically urged, and that in some jurisdictions a minor so employed has been allowed to recover both compensation and damages, we deem it best to dispose of the question directly.

Our Workmen's Compensation Law by its terms is all inclusive. The first section provides:

> "This act shall apply to all public employment as defined in section 72–103 and to all private employment not expressly excepted by the provisions of section 72–105." § 72–101, I.C.

It is not contended that appellant's employment is excepted by the provisions of § 72–105, I.C. Rather it is urged, in his case, there was no employment because, being a minor, he could not enter into a contract of employment and hence was not an "employee" within the meaning of the act. § 72–1011, I.C., provides:

> " 'Workman' is used as synonymous with 'employee' and means any person who has entered into the employment of, or who works under contract of service or apprenticeship with, an employer. It does not include any person engaged in any of the excepted employments enumerated in section 72–105 unless an election as provided in said section has been filed. Any reference to a workman who has been injured shall, where the workman is dead, include a reference to his dependents as herein defined, if the context so requires, or, where the employee is a minor or incompetent, to his committee or guardian or next friend. A minor working at an age legally permitted under the laws of this state shall be deemed sui juris for the purpose of this act, and no other person shall have any cause of action or right to compensation for an injury to such minor workman except as expressly provided in this act, but in the event of a lump sum payment becoming due under this act to such minor workman, the management of the sum shall be within the probate jurisdiction of the courts the same as other property of minors."

Under this section the relationship of employer and employee is not made to depend upon the existence of an express "contract of service or apprenticeship", but the relationship also arises out of an implied contract and includes "any person who has entered into the employment of * * * an employer." Contracts of minors are not void, though subject to disaffirmance. § 32–103, I.C. Hence, the employment contract of a minor, although entered into by the employer in violation of the Child Labor Law, is not void and is sufficient to create the relationship of employer and employee under the Workmen's Compensation Law. Appellant urges that the last sentence of the

above section providing that a minor working at an age legally permitted shall be ·deemed sui juris for the purpose of the act, limits the application of the act to minors so working. This is not a correct interpretation of the provision. It is clearly intended to mean that a minor legally permitted to work may pursue his remedies under the act without a guardian and without let or hinderance of any other person, except in the case of a lump sum payment. Applying a similar provision the Supreme Court of Arizona said:

"Actually its plain wording shows that what this section does do is to provide that legally employed minors can have their own cause of action before the Board and collect their own money and need a guardian only for lump sum settlement. We read the statute to mean that by reverse implication illegally employed minors must be represented by a guardian before the Industrial Commission at all times." S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931, at page 936.

It is noted that the third sentence of the foregoing section, applying all references in the act, in the case of a deceased minor, to his committee, guardian or next friend, is in no way limited to minors legally employed.

A further application of the act to a minor is found in § 72–313, I.C. There it is:

"Provided, that in case of a minor, under eighteen years of age, receiving less weekly wages than paid to regular adult workmen employed in the same community or vicinity in the class of labor in which such minor was employed, the compensation provided for under this section shall be computed upon the basis of the wages received by such regular adult workman."

This is a specific recognition of the employment of minors under 18, and a provision for their protection, without limitation as to the legality of the employment.

■ Minors not being excepted from the provisions of the compensation act by the legislature, it is not within the prerogative of this court to except them by construction of the act.

"Appellant does not contend that his case is within the stated exception. His contention is in effect that the court should add an exception covering cases in which the injured employee is employed, as appellant was, in violation of the child labor law. We agree with the District Court that no such distortion of the Compensation Act is permissible." Mellen v. H. B. Hirsch & Sons, 82 U.S.App.D.C. 1, 159 F.2d 461.

To apply appellant's interpretation of the act would be to subject all injured minors to the expense, delay and uncertainty of jury trials, and to all the defenses available to the employer under prior law; it

would deprive such minors of all benefits of the act, of immediate and certain relief without expense; and in cases of injury or death occurring without negligence of the employer, and in cases of negligence of the minor, the ruling contended for would deprive the minors, their dependents and kin, of any remedy whatever.

The question is not in any way affected by the Child Labor Law. That law was enacted in 1907, ten years prior to the compensation law. It is not referred to or in any way amended or modified by the later enactment. The Child Labor Law provides appropriate penalties for its violation. If such penalties are not adequate, it is for the legislature to increase them or otherwise provide for enforcement. It is not for this court by construction of an unrelated law to secure the enforcement of the Child Labor Law. S. H. Kress & Co. v. Superior Court, supra.

■ We have consistently held that the remedy provided by the compensation law is exclusive in all cases arising out of employment not excepted from its provisions. Haugse v. Sommers Bros. Mfg. Co., 43 Idaho 450, 254 P. 212, 51 A.L.R. 1438; State Insurance Fund v. Hunt, 52 Idaho 639, 17 P.2d 354; Arneson v. Robinson, 59 Idaho 223, 82 P.2d 249; Close v. General Construction Co., 61 Idaho 689, 106 P.2d 1007; Olson v. Union Pac. R. Co., 62 Idaho 423, 112 P.2d 1005; Johnson v. Falen, 65 Idaho 542, 149 P.2d 228; Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831; French v. J. A. Terteling & Sons, 75 Idaho 480, 274 P.2d 990. The act itself specifically so provides. §§ 72–102, 72–203, I.C.

"The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury." § 72–203, I.C.

■ We conclude that the Industrial Accident Board had exclusive jurisdiction in the premises. While authorities from other jurisdictions are, in most cases, not particularly helpful because of differences in the statutes involved, the following support our conclusion. S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931; Haskins v. Cherry, Tex.Civ.App., 202 S.W. 2d 691; Boshaw v. J. J. Newberry Co., 259 Mich. 333, 243 N.W. 46, 83 A.L.R. 412; Noreen v. William Vogel & Bros., 231 N.Y. 317, 132 N.E. 102; Landry v. E. G. Shinner & Co., 344 Ill. 579, 176 N.E. 895; Sackolwitz v. Charles Hamburg & Co., 295 N.Y. 264, 67 N.E.2d 152; Humphries v. Boxley Bros. Co., 146 Va. 91, 135 S.E. 890, 49 A.L.R. 1427; Mellen v. H. B. Hirsch & Sons, 82 U.S.App.D.C. 1, 159 F.2d 461. Cf. Annotations, 14 A.L.R. 818; 33 A.L.R.

512

337; 49 A.L.R. 1435; 60 A.L.R. 847; 83 A.L.R. 416; 142 A.L.R. 1018.

The award is affirmed.

PORTER and ANDERSON, JJ., and CRAMER and SPEAR, D. JJ., concur.