450 P.2d 610

Charles J. STAMPLE and Ethel J. Stample, Plaintiffs-Appellants,

v.

IDAHO POWER COMPANY, Defendant-Respondent.

No. 10026.

Supreme Court of Idaho.

Feb. 10, 1969.

John Hjellum, II, Boise, for plaintiffs-appellants.

James E. Bruce, Boise, for defendant-respondent.

SCOGGIN, District Judge.

Appellants brought this action for recovery of damages on account of the al-

leged wrongful death of their son, the late Eddy D. Stample, on May 21, 1965.

On May 21, 1965, Eddy Stample, an employee of respondent Idaho Power Company, was working with a mobile line crew engaged in work connected with energizing a new substation of respondent. The accident occurred when the lower portion of the upper segment of the boom of a "High Ranger" bucket truck accidentally contacted a 25 KW Circuit, causing a current of electricity to proceed down the boom into the truck body, and thence to ground. At the time of contact Eddy Stample was leaning against the side of the truck; the current passed from the conductor through the truck body through the body of Eddy Stample to the earth, causing his immediate death.

Whether there was any negligence involved is irrelevant for purposes of this appeal.

Following the accident, respondent Idaho Power Company filed with the Industrial Accident Board, according to the procedures of the Workmen's Compensation Law, an "Employer's Notice of Death of Employee." Appellants subsequently filed with the Industrial Accident Board their claim as dependents seeking an award under the law for death benefits arising from the accident in the course of their son's employment with respondent. The Industrial Accident Board ruled that since no claim was filed by any "dependent," as that term is understood in the Workmen's Compensation Law, then $1,000.00 should be paid to the State of Idaho, in accordance with I.C. § 72–301. This was done.

Finding themselves unable to recover under the Workmen's Compensation Law,

appellants then brought an action for wrongful death, per I.C. § 5–311.[1] Respondent made a motion for summary judgment under I.R.C.P. 56(c),[2] on the ground that the district court had no jurisdiction over the subject matter; it contended that the rights of persons injured within the scope of employment are governed solely by the Workmen's Compensation Law. The district court granted the motion for summary judgment. Citing the case of Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 (1948), the court held that "all rights and remedies for personal injuries or death as between the employee and employer growing out of the employment relationship are within the exclusive jurisdiction of the Industrial Accident Board under the Workmen's Compensation laws." Gifford v. Nottingham, supra, and the statutes amply demonstrate that the above holding is a correct statement of the law of Idaho.

Appellants contend that the Workmen's Compensation Law was not intended to remove any remedy. They argue that if the Workmen's Compensation Law, first adopted in 1917, had been intended to remove all rights under the Wrongful Death Act, first adopted in 1881, the Legislature would have so provided. They ask us to adopt a rule which would enable those unable to recover under the Workmen's Compensation Law to recover damages under I.C. § 5–311 or in other usual civil actions.

The Idaho Workmen's Compensation Laws, however, are quite explicit as to who is to recover under them and the effect that their existence is to have on the normal civil remedies. Parents may receive compensation only if dependent on

1. 5–311. Action for wrongful death.— When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and

the preceding section, such damages may be given as under all the circumstances of the case may be just.

2. While the motion is referred to as being one under I.R.C.P. 56(c), it is probably more correct to view it as a motion to dismiss for lack of jurisdiction over the subject matter, pursuant to I.R.C.P. 12 (b) (1).

the child injured or killed, as is explicitly provided by I.C. § 72–302.[3]

Concerning the effect of Workmen's Compensation Laws on other civil actions, I.C. § 72–102 notes that one of the main purposes of the statutory scheme was to remove these cases from the courts:

"72–102. Declaration of police power. —The common law system governing the remedy of workmen against employers for injuries received in industrial and public work is inconsistent with modern industrial conditions. The administration of the common law system in such cases has produced the result that little of the cost to the employer has reached the injured workman, and that little at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such employments formerly occasional have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage-workers. The state of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this act, and to that end all civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished, except as is in this act provided."

If that formal policy statement were not sufficient, I.C. § 72–203 removes all remedies other than Workmen's Compensation, in cases where workmen's compensation is applicable, from "such employee, his personal representatives, dependents, or next of kin."[4]

In Gifford v. Nottingham, supra, this Court has previously ruled on the effect of the passage of the Workmen's Compensation Laws on the older civil actions.

"(I)n the enactment of (these statutes), the legislature removed from the sphere of civil actions, all suits against an employer for damages on account of personal injury or death of an employee, where such injury or death arises out of and in the course of the employment, and this restriction applies to the employee, his personal representatives, dependents and next of kin, which latter term includes heirs. It is immaterial whether respondents were dependents of their son or not. If Nottingham was an

3. 72–302. Dependents.—The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act:

A child if under eighteen years of age, or incapable of self-support and unmarried, whether actually dependent upon the deceased or not.

The widow only if living with the deceased at the time of the accident, or actually dependent wholly or partially, upon him.

The widower only if incapable of self-support and actually dependent, wholly or partially, upon the deceased, at the time of her injury.

A parent or grandparent only if actually dependent, wholly or partially, upon the deceased.

A grandchild, brother or sister only if under eighteen years of age, or incapable of self-support, and wholly dependent upon the deceased.

The relation of dependency must exist at the time of the accident.

4. 72–203. Right to compensation exclusive.—The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury.

Employers, who hire workmen within this state to work outside of the state, may agree with such workmen that the remedies under this act shall be exclusive as regards injuries received outside this state by accident arising out of and in the course of such employment; and all contracts of hiring in this state shall be presumed to include such an agreement.

employer within the meaning of the Workmen's Compensation Act, respondents cannot maintain this action. If he is some person other than such employer, that is, a third party, then they are entitled to recover against him." 68 Idaho 330, 334, 193 P.2d 831, 833.

We reaffirm today the above holding in Gifford v. Nottingham, supra. And lest it be argued that this rule of law may in some cases deprive persons of remedy for damages which they had prior to the passage of the Workmen's Compensation Law, we note that that law has a dual policy, as stated in Smither & Co. v. Coles, 100 U.S. App.D.C. 68, 242 F.2d 220 (1957):

"The purpose of these laws was to provide 'not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinative.' Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged."

Affirmed.

McQUADE, Acting C. J., McFADDEN and SPEAR, JJ., and DONALDSON, District Judge, concur.