479 P.2d 292

Dorla SUMMERS, Plaintiff-Appellant,

v.

**WESTERN IDAHO POTATO PROCESSING CO.**, a corporation, and Charles T. Marshall, Mary Marshall, John Richard Marshall, Mariano Rotolo, Alfred Chase and C. A. Remington, individually, and as Trustees of the Western Idaho Potato Processing Co., Defendants-Respondents.

No. 10581.

Supreme Court of Idaho.

Dec. 24, 1970.

Rehearing Denied Jan. 19, 1971.

Larson, Smith & McDonald, Nampa, for plaintiff-appellant.

Eberle & Berlin, Boise, for defendants-respondents.

McQUADE, Justice.

This appeal is from a summary judgment by the district court. The action is for damages arising out of an industrial accident.

The plaintiff-appellant, Dorla Summers, alleged in her complaint that she was instructed to clean a certain piece of machinery at respondents' processing plant, and in the course of doing so her clothing became entangled in the machinery. She was pulled into the machinery, and received certain physical injuries of a relatively minor nature. Her clothing was ripped off, and she was left "standing nude in front of her fellow employees." The appellant applied for and received workmen's compensation benefits for the physical injuries. She then brought this action seeking recovery of $10,000 for "great mental anguish together with nervous shock" and for pain and suffering. Appellant stresses in her brief on appeal that she is not suing for pain and suffering from the physical injuries but for the pain, suffering, mental anguish and nervous shock resulting from having her clothing stripped from her body in front of fellow employees. She alleges the accident resulted from the negligence of her employer.

The district court held respondents herein were entitled to a summary judgment, on the basis of respondents' motion therefor, which is based on the assertion that appellant's claim was barred by the Idaho

Workmen's Compensation statutes, particularly I.C. §§ 72–102 and 72–203.

Appellant contends that tortious injuries not covered by the Workmen's Compensation law give rise to civil actions for damages sounding in tort. In support of this assertion it is urged that I.C. §§ 72–102, 72–201, and 72–203 only abolished civil actions for injuries for which a workman is entitled to compensation under the act. Section 72–201, appellant contends, only brings within the coverage of the act injuries "caused by an accident * * * which results in physical violence to the physical structure of the body."

██ It is correct that actions based upon injuries otherwise remediable by common law action, which are not covered under the Idaho Workmen's Compensation scheme, are not abrogated by the Workmen's Compensation statutes.[1] The statutes themselves make this evident.

The injury that is the subject of this action arose out of the employment of the appellant by respondent Western Idaho Potato Processing Company. The injury was clearly a result of an industrial accident, as defined in I.C. § 72–201. The only issue, then, is whether the injury for which recovery is sought is covered by the Idaho Workmen's Compensation law.

This Court held in Miller v. Bingham County[2] that *physical injuries* resulting from emotional shock are covered by the Idaho Workmen's Compensation law. In that case, the injured party had suffered a stroke a short while after he received a severe fright during the course of his employment. If appellant is alleging specific physical injuries as a consequence of the mental anguish she suffered as a result of the accident, her case falls squarely within the guiding precedent of the *Miller* case, *supra*. She is then barred from any common law action by this state's Workmen's Compensation Statutes.

If appellant is not alleging physical injuries, she must establish a right of recovery at common law for purely emotional trauma, negligently caused. Appellant cites no authority and presents no argument in support of the proposition that there is a common law right of recovery for purely emotional trauma, negligently caused. The rule is to the contrary.[3] Recent cases in other jurisdictions, dealing with claims for recovery for negligently caused emotional trauma, have extended the common law right of recovery only so far as to allow recovery where there were physical manifestations of the injury.[4]

██ If, then, appellant is seeking recovery for purely emotional trauma, there is no common law right of recovery. If she is seeking recovery for emotional trauma manifested by physical injuries, her action is precluded by our statutory Workmen's Compensation scheme.

The judgment of the district court is affirmed.

McFADDEN, C. J., and DONALDSON, SHEPARD, and SPEAR, JJ., concur.

1. I.C. § 72–203; Gifford et al. v. Nottingham, 68 Idaho 330, 334, 193 P.2d 831 (1948); Accord, Niles v. Marine Colloids, Inc., 249 A.2d 277, 279 (Me.1969); Gilpin v. Lev, 70 Ill.App.2d 66, 217 N.E.2d 477, 481 (1966); Ritter v. Allied Chemical Corp. 295 F.Supp. 1360, 1362 (D.S.C.1968) aff'd, 407 F.2d 403 (4th Cir. 1969); Schulz v. Standard Accident Ins. Co. of Detroit, 125 F.Supp. 411, 414 (E.D.Wash., 1954); A. Larson, 2 The Law of Workmen's Compensation, §§ 65, 65.10 (1970).

2. 79 Idaho 87, 310 P.2d 1089 (1957).

3. See W. Prosser, Torts, 3rd ed., 347–348 (1964); 2 F. Harper and F. James, The Law of Torts, 1031–1032 (1956); 64 A.L.R.2d 100 (1951), Comment: Right to Recover for Emotional Disturbances or its Physical Consequences, in the Absence of Impact or Other Actionable Wrong.

4. See Espinosa v. Beverly Hospital, 114 Cal.App.2d 232, 249 P.2d 843 (1952); Dillon v. Legg, 68 Cal.2d 728, 69 Cal. Rptr. 72, 441 P.2d 912 (1968); Cosgrove v. Beymer, 244 F.Supp. 824 (D. Del., 1965); Wallace v. Coca-Cola Bottling Plants, Inc., 269 A.2d 117 (Maine, 1970).