**Steve PROVO, Plaintiff,**

v.

**BUNKER HILL COMPANY, a corporation, et al., Defendants.**

**Civ. No. 2–73–49.**

United States District Court,
D. Idaho.

Feb. 26, 1975.

---

Truman Castle, of Bangs & Castle, Seattle, Wash., Eli Rapaich of Rapaich & Knutson, Lewiston, Idaho, for plaintiff.

R. B. Kading, Jr., of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, William F. Boyd of Brown, Pea-

cock, Keane & Boyd, Kellogg, Idaho, E. L. Miller, Coeur d'Alene, Idaho, Reed Clements, Lewiston, Idaho, Cope R. Gale, Moscow, Idaho, Wayne P. Fuller, Caldwell, Idaho, for defendants.

## MEMORANDUM DECISION AND ORDER

J. BLAINE ANDERSON, District Judge.

### CASE SUMMARY

This action, before the Court on defendant Bunker Hill Company's motion for summary judgment, arises as alleged in the complaint from serious injuries sustained by the plaintiff while working in defendant's smelter plant. On October 4, 1971, plaintiff, age 20, suffered severe burns to his face, eyes, throat and upper portions of his body when molten zinc burst from an uncovered pot. Plaintiff has received and is still receiving Workmen's Compensation payments, but challenges the defense contention that the Workmen's Compensation Act, I.C. 72–101, et seq., gives Bunker Hill Company an absolute defense against common law suits by employees.

Plaintiff relies on three theories of liability outside the Workmen's Compensation Act and in that regard asserts that there are substantial and genuine questions of fact as to whether or not: (a) defendant's knowledge of numerous similar occurrences and callous disregard of such risk amounts to an intentional tort committed upon the plaintiff which cannot be said "to arise out of and in the course of employment" or be deemed an "accident" as those terms are defined under Idaho law, (b) defendant is liable under the dual capacity doctrine for negligent failure to provide proper safety equipment, and lastly, (c) that plaintiff, as a member of the Northwest Metal Workers' Union at the time of his injury, was a third-party beneficiary of a labor management agreement between Bunker Hill and the Northwest Metal Workers' Union which was breached by Bunker Hill for failure to take adequate safety precautions.

Although this Court sympathizes with the plaintiff and deplores the facially apparent indifference of Bunker Hill with regard to the safety of its employees, nevertheless, this Court is bound by the law as it exists and, accordingly, defendant Bunker Hill's motion for summary judgment must be GRANTED. Plaintiff's complaint as regards Bunker Hill is DISMISSED.

### FACTS

In the early morning hours of October 4, 1971, plaintiff was called away from his normal duty as a zinc duster to relieve employees on their lunch break and to work on the job of cooling down zinc pots. The cooling job consisted of spraying water on molten zinc. Plaintiff wore cotton gloves, safety glasses and a light face shield, but nevertheless sustained serious injuries when the zinc in the pot unexpectedly exploded. Plaintiff has supplied this Court with records of numerous injuries occurring at the Bunker Hill Smelter, plus affidavits to the effect that exploding lead burns employees at the rate of once or twice a month. It appears that at the time of plaintiff's injury, he had received a short training course on cooling lead pots and was aware of previous lead splattering injuries.

### I.

In 1971 the Idaho Legislature approved a comprehensive recodification of the existing Workmen's Compensation law, effective January 1, 1972. The statutes governing this case are those in force as of October 4, 1971. Citations appearing herein refer to the statutes as they appeared in the Idaho Code in 1971.

Since plaintiff has received and is still receiving Workmen's Compensation benefits, the threshold issue is whether or not plaintiff is precluded from bringing this action on the theory that plaintiff's injury was not an "accident", but rather amounted to an intentional tort.

The dual purpose of workmen's compensation laws was to provide an in-

jured employee a remedy which was both expeditious and independent of proof of fault, and, secondly, to supply employers a liability which was limited and determinative. "Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged." Stample v. Idaho Power Company, 92 Idaho 763, at p. 766, 450 P.2d 610, at p. 612 (1969). As stated in Section 102, Title 72, of the Idaho Code:

> "*Declaration of police power*—The common law system governing the remedy of workmen against employers for injuries received in industrial and public work is inconsistent with modern industrial conditions. The administration of the common law system in such cases has produced the result that little of the cost to the employer has reached the injured workmen, and that little at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such employments formerly occasional have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wageworkers. The state of Idaho, therefore, exercising herein its police and sovereign power, declares that *all* phases of the premises are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault *and to the exclusion of every other remedy*, proceeding or compensation, except as is otherwise provided in this act, and to that end *all* civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished, except as is in this act provided." (emphasis supplied)

Furthermore, it is provided in Idaho Code 72–203:

> "*Right to compensation exclusive.*— The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act *shall exclude* all other rights and remedies of such employee, . . . *at common law or otherwise,* on account of such injury." (emphasis supplied)
> . . .

■ Case law in Idaho firmly establishes that workmen's compensation is the exlusive remedy provided an employee against his employer for injuries arising out of and in the course of employment. Industrial Indemnity Company v. Columbia Basin Steel & Iron, Inc., 93 Idaho 719, 471 P.2d 574 (1970); Adam v. Titan Equipment Supply Corp., 93 Idaho 644, 470 P.2d 409 (1970); Stample v. Idaho Power Company, 92 Idaho 763, 450 P.2d 610 (1969); Nichols v. Godfrey, 90 Idaho 345, 411 P.2d 763 (1966); Kirk v. United States, 124 F. Supp. 233 (D.C.Idaho S.D.1954) rev'd on other grounds, 232 F.2d 763 (9th Cir. 1956); White v. Ponozzo, 77 Idaho 276, 291 P.2d 843 (1955); Lockard v. St. Maries Lumber Co., 76 Idaho 506, 285 P.2d 473 (1955); Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 (1948).

■ The legislature abolished every remedy for all injuries (negligent and non-negligent) received by a workman in the course of employment. Gifford v. Nottingham, supra. To offset the guaranteed remedy of an employee under workmen's compensation, the legislature abolished "all civil actions and civil causes of action for such personal injuries by *employees against employers.*" (Emphasis supplied by the Idaho Supreme Court), Industrial Indemnity Company v. Columbia Basin Steel & Iron, Inc., 93 Idaho 719, at p. 721, 471 P.2d 574, at p. 576. Once the employer-employee relationship is shown to exist, then any common law suit against an employer for injuries sustained by an employee on the job is barred. Here there is no dispute as to the existence of the relationship. Adam v. Titan Equip-

ment Supply Corp., supra. This Court has stated that under Idaho law the receipt of benefits constitutes the exclusive remedy as against employers, and that the exclusivity provision in the compensation statutes is decisive. Kirk v. United States, 124 F.Supp. 233 (D.C. Idaho S.D.1954), rev'd on other grounds, 232 F.2d 763 (9th Cir. 1956). In *Kirk* the Court of Appeals ruled that the United States was not an employer, but rather a third party and hence subject to suit at common law, but nevertheless it was the District Court's unreversed position that had the United States been the employer, payment of workmen's compensation benefits would have barred suit against them at common law. In that regard it was stated in Kirk v. United States, 124 F.Supp. 233, at p. 239 (D.C.Idaho S.D.1954):

"It follows that the payment of such benefits would be the exclusive remedy for such individual and consequently, this court holds that the payment of compensation benefits to plaintiffs is their exclusive remedy in the case at bar."

Against this backdrop of binding statutory and case authority, plaintiff is concluded, yet plaintiff's analysis is worthy of finer dissection.

Many of workmen's compensation acts contain provisions preserving the ordinary remedies at law for injuries to employees caused by employers' misconduct or willful acts. I.C., 72–209 (effective January 1, 1972);[1] compare Section 51.-24.020, Revised Code of Washington Annotated; see also cases cited in 16 A.L.R. 620 (1922), 58 A.L.R. 1379 (1929), 68 A.L.R. 301 (1930). Although in 1971 Idaho did not specifically by statute permit suits against employers under the common law for intentional torts committed upon an employee, plaintiff argues that such a theory of recovery existed in Idaho under the case law, and by virtue of the definition of "accident" as defined in I.C., 72–201.

In Lockard v. St. Maries Lumber Co., supra, the Industrial Accident Board entered an award in favor of a minor injured while illegally employed in violation of the Child Labor Law, and the minor appealed, urging that Workmen's Compensation Law was not applicable. The Supreme Court held that the Industrial Accident Board had exclusive jurisdiction to award the minor compensation for such injury, and the minor-employee was not entitled to sue his employer for damages at law. It was argued that the Legislature intended to preserve the common law remedy of a minor illegally employed. The court ruled that "Our Workmen's Compensation Law by its terms is all inclusive." Lockard v. St. Maries Lumber Co., 76 Idaho 506, at p. 509, 285 P.2d 473, at p. 474. The minor argued that the court should make an exception covering cases

1. I.C. 72–209 (Effective January 1, 1972): "*Exclusiveness of liability of employer.*— (1) Subject to the provisions of section 72–223, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, his spouse, dependents, heirs, legal representatives or assigns. (2) The liability of an employer to another person who may be liable for or who has paid damages on account of an injury or occupational disease or death arising out of and in the course of employment of an employee of the employer and caused by the breach of any duty or obligation owed by the employer to such other person, shall be limited to the amount of compensation for which the employer is liable under this law on account of such injury, disease, or death, unless such other person and the employer agree to share liability in a different manner. (3) The exemption from liability given an employer by this section shall also extend to the employer's surety and to all officers, agents, servants and employees of the employer or surety, provided that such exemptions from liability shall not apply in any case where the injury or death is proximately caused by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, the loss of such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto."

in which an employee is injured in violation of the Child Labor Law. In response thereto the Supreme Court, citing Mellen v. H. B. Hirsch & Sons, 82 U.S. App.D.C. 1, 159 F.2d 461 (1947), cert. den. 331 U.S. 845, 67 S.Ct. 1534, 91 L. Ed. 1855, stated:

> "Appellant does not contend that his case is within the stated exception. His contention is in effect that the court should add an exception covering cases in which the injured employee is employed, as appellant was, in violation of the child labor law. We agree with the District Court that no such distortion of the Compensation Act is permissible." Lockard v. St. Maries Lumber Co., 76 Idaho 506, at p. 510, 285 P.2d 473, at p. 475.

Furthermore, the court concluded that to apply the minor's interpretation of the Act would subject all injured minors to the expense, delay and uncertainty of jury trials, and to all the defenses available to the employer under prior law, thereby depriving such minors of the benefit of the Act, namely, immediate and certain relief without expense. Finally, the court concluded that it had consistently held that the remedy provided by the compensation law is exclusive in all cases arising out of employment not excepted from its provisions.

The purport of *Lockard* is that a court is not free to disregard the principle of exclusivity firmly embodied in the Workmen's Compensation Act by judicially declaring the existence of a remedy removed from the sphere of common law actions by virtue of Workmen's Compensation liability created in an employer.

In 1956 Idaho did not have a statutory provision like Section 72–209, I.C., (effective January 1, 1972), but the Supreme Court heard argument in the case of Devlin v. Ennis, 77 Idaho 342, 292 P. 2d 469 (1956) that workmen's compensation is a defense to an action by an employee against his employer's estate for an intentional injury inflicted upon an employee as a result of a shooting by his employer. Workmen's compensation was denied on the ground that the shooting was premeditated as a result of personal jealousy in nowise involving the employer-employee relationship and such death did not arise out of the employment, although it was in the course of employment. The intervenor-relatives of the assailant-employer urged that Workmen's Compensation should be awarded the claimant. The court stated :

> "If such is done, it would not only sanction indirectly conduct of the employer in committing an assault upon the employee, but it would also permit the employer to use the workmen's compensation act to shield himself—in this case, his estate—from his civil liability in an action at law." Devlin v. Ennis, 77 Idaho 342, at p. 347, 292 P.2d 469, at p. 471.

Although the decision turned on the proposition that assaults arising from personal animosity are not compensable under the Workmen's Compensation Act, the case also indicates that in Idaho, suit may be had under the common law to redress such intentional torts committed by an employer upon an employee.

Yet, in Summers v. Western Idaho Potato Processing, 94 Idaho 1, 479 P.2d 292 (1971) the Supreme Court affirmed dismissal of a suit brought in the District Court on a theory of recovery outside the Workmen's Compensation Act. In *Summers* an employee sued for nervous shock arising from an incident where she was left standing nude in front of fellow employees after her clothes became entangled in a machine. The court stated that while it is true that actions based upon injuries otherwise remediable by a common law action and not covered under the Workmen's Compensation scheme are not abrogated by the Workmen's Compensation Statutes; however, on the facts of *Summers*, emotional trauma manifested by physical disability is covered by the Workmen's Compensation Law. The rule of *Summers* is simply that if an injury is cognizable under the Workmen's Com-

pensation Statute, then any common law remedy is barred, but if the injury is not cognizable under Workmen's Compensation, then the employee is left to a remedy under the common law.

In White v. Ponozzo, supra, an action was instituted against an employer and co-employee for injuries sustained by plaintiff-employee in a truck accident. It was contended that plaintiff, having claimed benefits under the Workmen's Compensation law before bringing the present action, had made an election of remedies and was bound thereby. In response, the court stated:

"In case of a third party tort-feasor both remedies are available to the employee, with right of subrogation in the employer, and no election can be required. . . . Here the action is against the employer and a co-employee based on a compensable injury. In such case, compensation being the exclusive remedy, no election is possible." White v. Ponozzo, 77 Idaho at pp. 280–281, 291 P.2d at p. 845.

Also, in Kirk v. United States, 124 F. Supp. 233 at p. 236 (D.C.Idaho S.D. 1954) rev'd on other grounds, 232 F.2d 763 (9th Cir. 1956), this court stated:

"that under Section 72–203, I.C., plaintiffs exclusive remedy for death of said William M. Kirk [employee] was, and is, the admitted collection of Workmen's Compensation benefits and therefore plaintiffs are estopped from bringing this action."

■ Since an injury compensable under the Idaho Workmen's Compensation Law excludes all other rights and remedies under the common law or otherwise against an employer based on the same injury, plaintiff cannot maintain this action. Furthermore, plaintiff has and is receiving Workmen's Compensation benefits and such benefits were awarded because plaintiff claimed his injury was compensable under the Act. Alternatively then, plaintiff cannot now be heard to say his injury was not compensable and therefore assert a common law remedy excluded by the Workmen's

Compensation claim which he filed. To the extent Idaho recognizes a common law recovery for intentional torts (the facts here do not sustain that finding or conclusion) committed upon an employee by an employer, Devlin v. Ennis, supra, Kirk v. United States, supra, and White v. Ponozzo, supra, command denial of plaintiff's right to relief outside Workmen's Compensation because he has elected to seek compensation under the Workmen's Compensation Statute.

■ Idaho in 1971 did not have a statute like the State of Washington, Section 51.24.020, R.C.W.A., wherein it provides:

"If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman, . . . shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any excess of damages over the amount received or receivable under this title."

Nor did Idaho in 1971 have a statute as exists in some states which provides for an increased compensation award depending on the culpability of an employer's behavior. Rather, in Idaho jurisdiction over a cause of action in the District Court as opposed to the Industrial Accident Board turns upon whether the injury is compensable under the Workmen's Compensation Statute. As stated in Devlin v. Ennis, supra, an assault motivated by personal animosity does not arise out of the employment relationship, although it may occur in the course of employment, and as such is not a compensable injury under the workmen's compensation law, but rather under the common law. For this Court to hold that plaintiff may also sue under common law and to speculate as to whether such recovery is reduced by the previous Workmen's Compensation award or whether it is to be considered a whole new recovery independent of the workmen's compensation award, would be to engage in the type of distortion warned against by the Supreme Court in Lock-

ard v. St. Maries Lumber Co., supra, and amounts to a judicial redrafting of the exclusivity provision as found in the Idaho statutes as of October 4, 1971.[2]

## II.

■■ Even if this court's interpretation that I.C., Sections 72–102, 72–201, and 72–203 puts plaintiff to an election, is unsound, nevertheless, plaintiff has shown no right to relief on the theory that this injury was incurred as the result of an intentional tort. The burden of proof on the part of an employee who alleges a deliberate injury by an employer is onerous. As Larson points out in The Law of Workmen's Compensation, Vol. 2, Sec. 68.13 (1974):

"Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury. . . .

Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character."

"Accident" as defined in Idaho Code 72–201, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely lo-

cated as to time when and place where it occurred, causing an injury . . . The word "accident" must be interpreted in its ordinary sense. McNeil v. Panhandle Lumber Co., 34 Idaho 773, 203 P. 1068 (1921). In Laird v. State Highway Department, 80 Idaho 12, at p. 23, 323 P.2d 1079, at p. 1086 (1958), the Supreme Court stated:

"To constitute an 'accident' it is not necessary that the workman slip or fall or that the machinery fail. An 'accident' occurs in doing what a workman habitually does if any unexpected, undesigned, unlooked-for or untoward event or mishap, connected with or growing out of the employment, takes place."

In addition, Idaho has tended to reflect that whether or not an accident is expected or undesigned must be viewed from the sufferer's viewpoint:

"It is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether the injury is unexpected, and so, if received on a single occasion, occurs 'by accident,' is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing." Aldrich v. Dole, 43 Idaho 30, at p. 32, 249 P. 87, at p. 87 (1926).

Idaho has held that the shooting of an employee by an insane third person, while the employee was working, is an injury compensable under Workmen's Compensation. Louie v. Bamboo Gardens, 67 Idaho 469, 185 P.2d 712 (1947); Colson v. Steele, 73 Idaho 348, 252 P.2d 1049 (1953). In Louie v. Bamboo Gardens, supra, the risk of such shooting was considered a risk of employment. As in Louie v. Bamboo Gardens, the injury which occurred at the Bunker Hill Smelter arose because of something the plaintiff was doing in the

2. This Court does not hold today that under Idaho Code 72–209 (effective January 1, 1972) that plaintiff is put to an election, nor if plaintiff is entitled to two recoveries, whether or not the civil recovery is reduced by the workmen's compensation award. The holding today is limited solely to the law as it existed prior to 1972.

course of employment and because he was exposed by the nature of his employment to this particular danger. An injury such as occurred in this case is precisely as a matter of law the type of accidental injury sought to be rapidly remedied by Workmen's Compensation benefits, regardless of questions of fault. Plaintiff, in his affidavit, characterizes the explosion as unexpected. Plaintiff's attempt to constrict the definition of accident is contrary to the principle of liberally construing the Workmen's Compensation Act to effectuate its purposes. Kiger v. Idaho Corporation, 85 Idaho 424, 380 P.2d 208 (1963). Simply stated, plaintiff has suffered an "accident" as that term is used in I.C. 72–201.

■ Plaintiff asserts that an intentional tort does not "arise out of and in the course of employment," as the phrase is used in Idaho Code, 72–201. Plaintiff's assertion does not comport with the undisputed facts nor with the case law as stated in Nichols v. Godfrey, supra. In *Nichols*, plaintiff sued at law for damages for personal injuries she claimed were suffered after being struck by a truck owned by the State of Idaho, and operated by defendant Godfrey. Plaintiff was struck by the truck after her work shift had ended and while walking to her car. The principal issue, as stated by the court, was whether such accident arose out of and in the course of any employment covered by the Workmen's Compensation Law, for if she was injured under those circumstances, recovery under the provisions of the Workmen's Compensation Law would be her only recourse against her employer. The Supreme Court interpreted the phrase "arising out of and in the course of employment" as follows:

"It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a

causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been exposed apart from the employment." Nichols v. Godfrey, 90 Idaho 345, at p. 350, 411 P.2d 763, at p. 765.

Here the accident occurred on the premises of the employer, while the plaintiff was performing a job task to which he was assigned, and accomplishing the same in furtherance of his employment. Reasonable minds could not differ as to the causal connection between the conditions existing on the employer's premises and the accident involved. Here the proximate cause of the plaintiff's injury grew out of and in connection with the "stage" set by the fact of his employment and the hazards incident thereto.

### III.

■ What has been stated thus far with respect to exclusivity applies as well to plaintiff's two additional theories of recovery outside the Workmen's Compensation Law. The so-called dual capacity theory and third-party beneficiary theories as exceptions to workmen's compensation have not been adopted in Idaho. This Court cannot legislate them into existence.

■ The dual capacity theory is such that when an employer acts in a capacity other than as an employer, he incurs responsibilities separately from those imposed upon him for his employer status. Dual capacity liability is premised on the fact that an employer, by placing himself in two capacities, has

incurred two different sets of legal obligations. Here the defendant, as an employer, has, among other duties, the duty to pay workmen's compensation, to provide a safe place to work, and to take other reasonable safety precautions. Plaintiff attempts to dissect the employer's duties and specifically to separate the safety duty imposed upon an employer. The duty of an employer to provide safe machinery which may reasonably include the furnishing of protective clothing does not lend itself to an interpretation that such obligation is really two legal duties. Negligence in providing safe equipment or negligence in providing protective clothing violates the same duty of safety owed to an employee. The violation of such duty in either form is compensable under the Idaho Workmen's Compensation Act, regardless of fault, and plaintiff is barred from suing his employer at common law. The case of Hancock v. Halliday, 65 Idaho 645, 150 P.2d 137 (1944), relied upon by the plaintiff does not recognize the dual capacity doctrine, but rather supports recovery against a third person for injuries sustained in addition to or in aggravation of the original injury cognizable under the Workmen's Compensation Act.

In Schulz v. Standard Accident Insurance Company, 125 F.Supp. 411 (E.D. Wash. N.D. 1954), suit was instituted against an employer's workmen's compensation insurance carrier for the negligent handling by a doctor, selected by the defendant, after the plaintiff had suffered an injury in the course of employment. The court construing the Idaho Workmen's Compensation Act held that the remedy provided by the Act was exclusive, except when liability is created in a third party. Interpreting Hancock v. Halliday, supra, the court ruled that it did not sanction an action against an employer or his insurance carrier, but permitted suit against a third-party doctor for aggravation of injuries sustained in an industrial accident. An employer and his insurance carrier cannot be termed "some other person than an employer" within the meaning of the Workmen's Compensation Act. An action against the employer would be inconsistent with the subrogation provisions of the Act, for how could an employer be subrogated to a right of action against himself. Schulz v. Standard Accident Insurance Company, 125 F.Supp. 411, at p. 415. The court noted that such actions would open the door to double recovery as the injured workman could accept and receive full compensation under the Act and then maintain an action for damages against his employer. Cf. Dissent, Clearwater Timber Protective Association v. District Court, 84 Idaho 129, at p. 143, 369 P.2d 571 (1962), interpreting the 'some other person than the employer' language of Idaho Code 72–204 as manifestly precluding an employer from being considered a third party. In Idaho, even if an employer could be said to act in a dual capacity, nevertheless, there is substantial authority for the proposition that an employer by definition cannot be said to be a person other than an employer.

Finally, plaintiff argues that he is a third-party beneficiary of a labor management agreement, which has been violated by defendant, Bunker Hill. Exclusivity applies as well to such theory. Plaintiff cites only contract cases for this proposition and no cases which have accepted such argument against the exclusivity provisions of Workmen's Compensation Acts. No authority is cited that such recovery outside Workmen's Compensation is available in Idaho. As previously stated, this Court cannot judicially declare its existence.

## IV.

Plaintiff argues that workmen's compensation provides an inadequate award and that it has become a shield enabling mass production at the expense of employee safety. In that regard plaintiff paints a bleak portrait; however, it must be recognized that on the facts, workmen's compensation has provided this plaintiff rapid and thorough medical care plus salary supplements. With-

out workmen's compensation plaintiff must endure not only the expense and inconvenience of trial, but also medical costs in the interim. Moreover, without workmen's compensation plaintiff would be confronted at common law with the affirmative defenses of contributory negligence, the fellow-servant rule and assumption of the risk. If it is true that the balance struck under workmen's compensation has shifted at the expense of the employee, then any equilibration must be accomplished by the Idaho Legislature.[3] This court being without jurisdiction of the subject matter,

It is therefore ordered that defendant, Bunker Hill Company's motion for summary judgment is granted; that plaintiff's complaint against the same is dismissed, and judgment shall be entered in favor of the defendant and against the plaintiff.

---

3. Plaintiff asserts in his complaint an alternate theory of recovery sounding in "strict liability" but does not brief or argue the point. While the issue may properly be disregarded, plaintiff would still fail on that theory for the reasons stated in this memorandum. The exclusive nature of the remedy and the declared legislative purpose " . . . that *all* phases of the premises are withdrawn from private controversy . . . " (I.C. 72–102) would bar this alternative claim for relief against the employer.